(No. 17522.—Reversed and remanded.)·
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN ANDREANOS, Plaintiff in Error.

*Opinion filed October 28, 1926.*

CRIMINAL LAW—*instruction that jury may convict on uncorroborated testimony of prosecuting witness should not be given.* A conviction of rape may be sustained on the testimony, alone, of the prosecuting witness if, when considered with all the other facts and circumstances on the trial, it is shown to be convincing, but where the evidence is conflicting and more than one witness testifies for the People it is error to give such an instruction, as it singles out the testimony of the prosecuting witness and tends to unduly magnify the importance and credibility of such testimony.

DUNN and THOMPSON, JJ., dissenting.

·WRIT OF ERROR to the Circuit Court of Adams county; the Hon. FRED G. WOLFE, Judge, presiding.

ROLLAND M. WAGNER, and FLOYD W. MUNROE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, J. LEROY ADAIR, State's Attorney, ROY D. JOHNSON, and MARK A. PENICK, for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted and tried in the circuit court of Adams county on the charge of statutory rape upon Alice Bragg, of the age of fourteen years. The testimony for the People consisted of the story of the complaining witness. Amanda Bragg, the mother of the complaining witness, was apparently a witness before the grand jury and her name appeared on the indictment, but upon the trial the State's attorney stated that he desired the court to call her as a witness as he was not willing to vouch for her credibility. The defendant positively denied the charge and offered the testimony of numerous witnesses as to his good reputation for chastity and good morals.

It appears that Amanda Bragg, the mother of complaining witness, had been employed by the brother of plaintiff in error in a restaurant in Quincy. Plaintiff in error was cook in that restaurant and the complaining witness came there at various times to see her mother. The testimony of both State and defense shows that on April 14, 1925, plaintiff in error and George Couper were driving about the city of Quincy in an automobile owned by the brother of plaintiff in error, and that the complaining witness and her mother met them and got into the rear seat of the automobile and the four drove about the city, later going to one of the public parks known as Riverview Park. The four got out of the car and sat on the grass. The defendant's evidence is that they all sat in a group along the roadside. The complaining witness testified that at that time she and plaintiff in error went behind some bushes, where acts of

sexual intercourse took place.   In this she is not corrobo-
rated by her mother, who testified that all remained to-
gether, and plaintiff in error also positively denies her tes-
timony.   Another occasion testified to by the complaining
witness was at her home, when her mother was away from
the house.   The mother, however, testified there was but one
occasion when she was away from the house while plaintiff
in error was there; that when she left, the complaining
witness and plaintiff in error were sitting on the porch and
that when she returned they were still sitting where she
left them; that she was gone but about fifteen minutes. ·

The evidence was conflicting and the jury should have
been correctly instructed.   The court gave the jury the fol-
lowing instruction:

"The court instructs the jury that the defendant may be
convicted of the crime of rape upon the uncorroborated tes-
timony of the complaining witness, Alice Bragg, provided
you believe such evidence is clear and convincing and is
such that convinces you of defendant's guilt beyond all
reasonable doubt."

This instruction was prejudicial in a case of this char-
acter, where the testimony of the prosecuting witness is to
be carefully considered.   It called attention to the testimony
of a single witness although there were other witnesses for
the People.·  The danger of such an instruction is that the
importance and credibility of such testimony are likely to
be magnified in the minds of the jury.   Such an instruction
has been frequently condemned by this court.   (*Judy* v.
*Judy,* 261 Ill. 470; *Helbig* v. *Citizen's Ins. Co.* 234 id. 251;
*Craig* v. *Miller,* 133 id. 300; *Jacksonville and Southeastern
Railway Co.* v. *Walsh,* 106 id. 253; *Martin* v. *People,* 54 id.
225.)  While conviction may be sustained on the testimony,
alone, of the prosecuting witness if, when considered with
all the other facts and circumstances on the trial, it is shown
to be convincing, it is reversible error in a case where the
evidence is conflicting and more than one witness testifies

for the People, to single out the testimony of one of such witnesses as the basis of a verdict of guilty.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

DUNN and THOMPSON, JJ., dissenting.