(No. 20965.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STOVER DAMERON, Plaintiff in Error.

*Opinion filed December 17, 1931.*

WILLIAM R. BACH, and ARTHUR M. HESTER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOSEPH W. DEPEW, State's Attorney, and J. J. NEIGER, (EDWARD BARRY, JR., of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Stover Dameron, a boy seventeen years of age, prosecutes this writ of error to review the judgment of the circuit court of McLean county whereby he stands convicted of the crime of statutory rape upon the person of Bernadine Kite, a girl fifteen years of age, and sentenced to imprisonment in the penitentiary for the term of one year.

Bernadine Kite testified that on a Sunday, either the 18th or 25th of May, 1930, but on which of these dates she could not definitely state, she left the League meeting at the Methodist church in Colfax, where she resided, went with two of her girl friends about four blocks to the drug store corner, and that while the three girls were there on the corner plaintiff in error drove up to the curb in his Buick coach and asked her to get in, which she did; that they left the drug store corner about dusk and went north to the hard road, then east a mile and south a mile, when they stopped by the side of the road and after a few minutes' conversation he had intercourse with her, with her consent, on the front seat of the car; that it was then a few minutes before 8:00 o'clock and getting dark, and it is agreed that the sun set at 7:18 on May 25; that they remained there a few minutes and then drove back to town; that this was the only time she had intercourse with plaintiff in error; that she had never had intercourse with any other boy or man; that there was no wound or laceration; that she is the mother of a male child born February 23, 1931. On cross-examination she admitted that on a former hearing she fixed the date positively as May 25. A regularly licensed physician testified that he delivered her

of a full-time child on February 23, 1931, and that the normal period of gestation is 280 days but that it might vary from 260 to 280 days. This was substantially all of the State's testimony in brief.

Plaintiff in error testified denying his guilt. He denied seeing Bernadine Kite on either May 18 or 25 and produced witnesses corroborating his testimony as to his whereabouts elsewhere during the entire time covered by Bernadine Kite in her testimony—three as to his whereabouts on May 18 and five or six as to May 25. Bernadine's two girl friends, whom she named as being with her at the drug store corner where she left with plaintiff in error in his car were called as witnesses by plaintiff in error. One of them testified on direct examination that she did not remember that plaintiff in error ever called Bernadine Kite away from her at the drug store corner on any Sunday evening after League meeting and took her away in his Buick car, and on cross-examination by the State's attorney explained that she meant it did not happen. The other girl, in reply to the same questions, stated, "Not that I can remember," and on cross-examination added that it could have happened. Five witnesses, one of whom was the principal of the Colfax Community High School, and another a teacher and coach in the high school, testified to the good reputation of plaintiff in error for chastity and morality.

Plaintiff in error complains that he did not have a fair and impartial trial, in that the court allowed improper questions to be asked each one of the jurors on their *voir dire;* that the court unduly limited counsel for plaintiff in error in his cross-examination of the State's witnesses; that the court sustained objections of the State's attorney to proper questions asked by counsel of plaintiff in error; that the court allowed the State's attorney to make improper argument to the jury; that the court gave to the jury improper instructions requested by the State's attorney and refused instructions which had been approved

by this court, offered by plaintiff in error. In the view we take of this case we do not deem it necessary to discuss these questions further than to call attention to them.

It is contended by plaintiff in error that "where the defendant in a charge of statutory rape denies the charge and is not successfully contradicted by any witness but the prosecutrix, and there is no corroboration of the prosecuting witness but there is contradiction of the prosecuting witness by other witnesses than the defendant, the sentence and judgment should be reversed." The prosecution claims that this rule does not apply to this case for the reason that the prosecution was corroborated by the testimony of the doctor as to the delivery of the child. In *People* v. *Cassidy,* 283 Ill. 398, it was held that a refused instruction "that in considering the evidence as to whether or not the testimony of Anna Nadwarna is corroborated as to whether or not the defendant had sexual intercourse with her, the fact that a child was born to her is not a fact to be considered as corroborative on that point," stated a correct principle of law and should have been given. (See *Kevern* v. *People,* 224 Ill. 170.) In *People* v. *Koloski,* 309 Ill. 468, it was held that proof of good character is not proof of innocence but may be sufficient to raise a reasonable doubt when the other evidence is not of a satisfying character. In *Jupitz* v. *People,* 34 Ill. 516, the court said: "Proof of this kind [good reputation] may sometimes be the only mode by which an innocent man can repel the presumption of guilt arising from the possession of stolen goods."

The evidence in this record, when weighed by the rules laid down in *People* v. *Fitzgibbons,* 343 Ill. 69, and other cases, is not of that clear, satisfactory and conclusive character as to convince us of plaintiff in error's guilt beyond a reasonable doubt.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*