(No. 22802.)
The People of the State of Illinois, Defendant in Error, *vs.* Frank Schiro, Plaintiff in Error.

*Opinion filed June 14, 1935—Rehearing denied October 2, 1935.*

EUGENE L. McGARRY, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Frank Schiro, charged in different counts of an indictment with both statutory and forcible rape, waived a jury trial, was found guilty by a judge of the criminal court of Cook county "in manner and form as charged in the indictment," and was sentenced to three years in the penitentiary. He seeks reversal of the judgment by this writ of error because (1) the age of the prosecutrix was not sufficiently proved by competent evidence; (2) the People failed to produce corroborative evidence to support the story of the prosecutrix as against defendant's denial of the charge; and (3) the evidence did not establish defendant's guilt beyond a reasonable doubt.

The prosecutrix testified, in substance, that on August 22, 1933, she called on her friend, Margo Gilpin, a sister of Schiro, at the Barton Hotel, in Cicero, where Miss Gilpin and her mother were vacationing; that she met Schiro (whom she had known for five or six years) on the street in front of the hotel and he volunteered to take her to the room of his sister; that instead he took her first to his room on the second floor of the hotel, shut and locked the door, threw her on the bed, took off her bloomers and had intercourse with her, and that he then took her to the room of his mother and sister and left her with them. She made no outcry or complaint to any person in the hotel or to Schiro's mother and sister at the time or to any member of her own family, and the first time she told any person about it was in February, 1934, when a doctor examined her and told her she was pregnant. She saw Schiro in

September, 1933, and again in February, 1934, but said nothing to him about her condition. She testified that she gave birth to a baby on May 15, 1934. Virginia Vorva testified she was visiting the prosecutrix in August, 1933, and went with her to a hotel to visit Margo Gilpin. She said they met Schiro sitting on the steps of the hotel, and both he and prosecutrix asked her to go into the hotel with them but she declined. This was all the evidence for the People bearing upon the alleged attack.

Schiro testified in his own behalf. He stated that he had known the prosecutrix and her family for four or five years and saw her on August 22, 1933, in front of the hotel, where he was sitting in an automobile with a friend, Chester Matthews. She asked him if his mother and sister were home and the number of their room and went in. She remained in the hotel a half or three-quarters of an hour. He denied that he had intercourse with her at any time and denied that he was in the hotel with her. He is corroborated in this statement by Matthews, who testified that Schiro had asked him to let him use his car to take his mother and sister riding; that he brought the car over to the hotel and was sitting in the car with Schiro when the prosecutrix walked up and asked Schiro if his mother and sister were home; that Schiro said, "Yes, in room 24," and she went up-stairs, where she remained for about an hour. Matthews said that during all the time she was upstairs, and when she came out and walked away, Schiro remained in the car with him.

Margo Gilpin, sister of Schiro, testified she saw the prosecutrix in her room at the hotel on August 22, 1933, at about 2:30 P. M., when the latter called on her and her mother; that the prosecutrix was alone, was "very composed," and visited with them in an ordinary manner for about a half or three-quarters of an hour; that she and her mother left about twenty minutes later, and her brother and Matthews were sitting in the car when they came down-

stairs. It was stipulated that the testimony of the mother of Schiro would be the same as that of the sister.

The failure of the prosecutrix to make any outcry, to offer more than what we would term passive resistance, and to tell anyone of the alleged attack for six months, coupled with her admitted composure while visiting Schiro's sister and mother immediately afterward, all negative any consideration of forcible rape in this case. If the judgment of the trial court is to be sustained on the general finding of guilt it must be on proof of commission of the statutory crime. Proof of her age and of the birth of a child is not necessarily corroborative of her testimony that this defendant had intercourse with her. (*People* v. *Dameron,* 346 Ill. 408; *People* v. *Cassidy,* 283 id. 398.) While we realize the difficulty of proving the act itself, the record here singularly fails to corroborate enough of the details, before and after its commission, to create an abiding conviction of guilt sufficient to sustain the judgment. Each case must be decided on its own facts, and rape cases are no exception to the rule that where the evidence as a whole does not establish guilt beyond a reasonable doubt it becomes the duty of the reviewing court to reverse the judgment of conviction. (*People* v. *Dinenza,* 356 Ill. 118; *People* v. *Fontana,* 356 id. 461.) Here the story of the prosecutrix was uncorroborated in any detail except that she went to the hotel one afternoon, met Schiro outside, inquired from him the room number of his sister and mother, and later visited them for a half or three-quarters of an hour as if nothing unusual had occurred to her. What happened between the time she says she met Schiro outside the hotel and the time she met his sister and mother in their room is the important question. She said he had intercourse with her and he denied it absolutely. Her testimony was uncorroborated and contradicted in all of its essentials. We have repeatedly held that where a convic-

tion of rape, statutory or otherwise, depends upon the testimony of the prosecuting witness and the defendant denies the charge, the evidence of the prosecutrix should be corroborated by some other evidence, fact or circumstance in the case. *People* v. *Blockburger,* 354 Ill. 301; *People* v. *Abbate,* 349 id. 147; *People* v. *Dameron, supra; People* v. *Fitzgibbons,* 343 Ill. 69; *People* v. *Glasser,* 335 id. 263.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*