(No. 30217.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILLIP A. RITCHIE, JR., Plaintiff in Error.

*Opinion filed January 22, 1948.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago,

(John T. Gallagher, and Melvin S. Rembe, both of Chicago, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

A trial in the criminal court of Cook County by the trial judge without the intervention of a jury resulted in a finding of guilty against the defendant, Phillip A. Ritchie, Jr., of the crime of rape, in manner and form as charged in the indictment. He was sentenced to imprisonment in the penitentiary for a term of thirty years. Ritchie prosecutes this writ of error.

The complaining witness, a resident of Chicago, on July 16, 1946, the day the offense was charged to have been committed, was employed in a local drug store. She became sixteen years of age on August 17, 1946. Defendant, at the time of the trial, in November, 1946, was nineteen years of age. He had been in the armed services of the United States seven months and twenty-three days before receiving an honorable medical discharge. Thereafter, he came to Chicago and obtained employment with a taxicab company and was in its employ on July 16, 1946. Upon the conclusion of the trial on November 21, 1946, to the queries whether evidence was to be offered by way of mitigation or aggravation and whether defendant had a record, an assistant State's Attorney replied in the negative and the attorney then representing defendant answered, "No, I have nothing." The trial judge next inquired, "Did he receive any citations in the service, or for gallantry under action, or anything like that?" Upon defendant's attorney answering the question, "No, he has not," the judge replied, "I would be glad to consider anything," and proceeded to sentence defendant to the penitentiary for thirty years.

To obtain a reversal of the judgment against him, defendant contends that he was represented by incompetent counsel; that he was deprived of a public trial in contravention of Federal and State constitutional guarantees for

the reason that the trial judge, after the case was called for trial and the witnesses sworn, ordered the first witness, the prosecutrix, and defendant to his chambers and heard the testimony of the prosecutrix and the one medical witness testifying in behalf of the People in chambers before proceedings were resumed in the courtroom; that the trial court was prejudiced against him and deprived him of a fair and impartial trial by undue participation in the cross-examination of witnesses; that the evidence does not sustain the conviction, and that his motion to vacate the judgment was erroneously denied. Of these contentions, only the last stated requires consideration.

On December 11, 1946, twenty days after the entry of judgment defendant presented his written motion to vacate the judgment and for a new trial, supported by his verified petition and the affidavits of nine persons. The motion for a new trial makes the allegations, among others, that defendant's guilt was not proved beyond a reasonable doubt; that he waived a jury trial upon the representation of his counsel that he would obtain either probation or a fine; that his counsel did not properly prepare and present all of the evidence in the case in his behalf; that newly discovered evidence available as shown by the attached affidavits tends to prove he was not guilty of the crime charged in the indictment, and that the sentence is excessive, unreasonable, and unwarranted by the evidence. Defendant's petition alleged that he had never heretofore been charged with any offense; that he had always borne an excellent reputation for being a peaceable and law-abiding citizen; that he left high school to join the United States Navy; that, when arrested, he was without funds to hire an attorney and one of his relatives retained a lawyer to represent him; that the attorney conferred with him on one occasion about twenty minutes, told him to waive a jury trial and that the court would either place him on probation or fine him; that he relied upon this statement

of his counsel; that he has been informed the latter has had little or no experience in the trial of criminal cases and did not properly prepare his defense; that the testimony of numerous available witnesses whom his attorney neglected to call would have refuted the testimony of the complainant; that Joseph M. Stern, president of the Individual G.I. Livery Company, (his employer,) if called as a witness, would testify that, on July 20, 1946, the complaining witness, accompanied by two other young women, came to his office; that she expressed a desire to talk to him concerning defendant; that she stated to Stern the following matters: that, on July 16, she and a girl friend were walking across the Outer Drive near the naval armory; that defendant drew up in a cab and asked, "You want a ride in my cab?" that they entered the cab and seated themselves on the front seat; that defendant told them he had an order on the south side and after delivering the passenger he would take them downtown; that he picked up a passenger on the south side and drove her to her destination; that they were then returned downtown to pick up a sister of her companion but found she had departed; that the three, namely, defendant, the complaining witness and her friend, then went riding and after a while they took the friend home; that she and defendant continued to ride about; that they stopped in a quiet place where they engaged in sexual intercourse; that she did not state she had been struck or beaten by defendant; that she did not state he had used force to satisy his desires, and that she did not state her clothes were torn. The affidavit alleges, further, that when she came to the office of the cab company she had no marks or bruises on her face; that she stated she desired a medical examination to see whether she was pregnant, "and that money would take care of everything." Defendant further represented he had been informed that, immediately after the judgment and sentence in the criminal court, she instituted an action in the circuit court of Cook

County against the cab company for damages in the amount of $20,000, based on an alleged assault. Additional allegations are that she wrote her telephone number on a card she gave to defendant on the day of the alleged offense and that, thereafter, he gave the same card to Stern; that the card was shown by the latter to the complaining witness who asked its return to her because she did not want her parents to know about this; that between July 16 and 20 she frequently phoned the office of the cab company and asked to speak to him, the defendant, and that three named persons, if called as witnesses, would verify and substantiate him. Concluding allegations of the petition are that the trial judge, in his opinion, stated that he, defendant, was a person of immoral character; that the statement was not warranted by the evidence, and that the attached affidavits of reputable persons are to the effect he is a person of excellent reputation for morals and chastity. Defendant requested that he be permitted to call witnesses for the purpose of vacating the judgment of conviction and sentence.

Stern's affidavit is to the effect described in defendant's petition. The other eight affidavits are from the minister of a church in St. Petersburg, Florida, stating that defendant was a regular attendant of his Sunday school and church and conducted himself as becoming a church member; from a retired army officer offering himself as a character reference; from a junior vice-commander of the Florida State Department of American Veterans, World War II, saying that defendant commanded the respect' of the fellow members of his post; from an attorney in St. Petersburg, Florida, to the effect he had known Ritchie for three years and that he enjoyed a good reputation in the community; from a former employer in Florida who stated that he found defendant honest, industrious and dependable; from a resident of St. Petersburg stating, in substance, that she had known defendant for a number of years and found him to be a boy of good character; from

another retired army officer who said that he had known defendant two or three years and that he was of high moral character, and from another former employer residing in St. Petersburg stating that he found defendant to be a sober, industrious and conscientious young man.

An extended colloquy between the trial judge and defendant's new attorney, covering twenty-eight pages of the record, took place. Pointing out that the November term of the criminal court had expired and the December term, 1946, had commenced, the trial judge said: "Well, suppose I agree that you are right on everything, and I want to give some relief to this defendant, I still am up against the proposition that because of the lapse of time, coming in on this motion, my hands are tied. I won't talk about what I would do if I could, I don't know, but I can't do anything. * * * It isn't a question of what I want to do here, it is a question of what I can do. * * * I haven't any jurisdiction, Mr. Bellows. I think that is the fact, and the record here, you have your evidence written up, and it is an easy matter to present this to the Supreme Court. * * * And I hope you can get a reversal for the benefit of the mother. * * * it is a difficult situation, after the term has gone by but I either haven't any power to do anything here, and secondly, if I had, I don't believe on the showing made it is sufficient to support it, and I hope that you can present the case to the Supreme Court. I would like to see what they say about it. The motion of the petitioner is denied."

From the foregoing, it is apparent the trial judge was of the opinion that, after the expiration of the November term, 1946, of the criminal court he lacked jurisdiction to entertain a motion for a new trial and to vacate the judgment of conviction. From the quoted portions of the colloquy and, also, from other portions not quoted, it is clear his understanding was that, after the term had passed, he was without power to act, as requested. The brief comment

that if he did possess the power to act upon the motion he did not believe the showing made was sufficient to support the motion is far from adequate to disclose consideration and action upon the motion and petition on their merits. Section 2 of "An Act in relation to final judgments, decrees and orders of courts of record in criminal and civil proceedings and the power to modify, vacate or set aside the same," (Ill. Rev. Stat. 1947, chap. 77, par. 83,) effective January 1, 1934, declares: "Any such judgment, decree or order may hereafter be modified, set aside or vacated prior to the expiration of thirty days from the date of its rendition or in pursuance of a motion made within such thirty days, wherever, under the law heretofore in force, it might have been modified, set aside or vacated prior to the expiration of the term of court at which it was rendered or in pursuance of a motion made at that term." Section 3 provides: "Any such judgment, decree or order may hereafter be modified, set aside or vacated after the expiration of such thirty days in the same cases, to the same extent and by the same modes of proceeding as, under the law heretofore in force, it might have been modified, set aside or vacated after the expiration of the term of court at which it was rendered."

The trial judge was obviously under a misapprehension with respect to the extent of his power to pass upon a motion for a new trial and of the time limits for the presentation of the motion and the exercise of his power. The applicable portions of the statute quoted afforded ample authority for a hearing upon the motion for a new trial and the accompanying petition and a disposition of them upon their merits. Upon the record made, we are of the opinion that the ends of justice require a remandment of the cause for positive action upon defendant's motion for a new trial and petition to vacate the judgment.

The cause is remanded to the criminal court of Cook County, with directions to proceed in accordance with the views expressed in this opinion.

*Remanded, with directions.*