(No. 30729.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILLIP A. RITCHIE, JR., Plaintiff in Error.

*Opinion filed November 18, 1948.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and MELVIN S. REMBE, both of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

This case was before us in *People* v. *Ritchie,* 399 Ill. 144, and remanded for consideration of the motion for a new trial. The facts are fully recited in that opinion, and in remanding the cause to the criminal court of Cook County we said: "Upon the record made, we are of the opinion that the ends of justice require a remandment of the cause for positive action upon defendant's motion for a new trial and petition to vacate the judgment."

When the motion for a new trial first came before the criminal court the judge was of the opinion that he had no authority to act because of lapse of time, and commented that he hoped that the defendant could get a reversal, and refused to then consider the matter presented, being vacation of judgment and new trial. The position of the trial judge is to be readily ascertained from his statement at the time: "If the State's witnesses are telling the truth, there is hardly any more atrocious crime against a fifteen year old girl that could be perpetrated, short of murder. On the other hand, if the defendant is to be believed, he is not guilty of all the counts charged in the indictment. He may be guilty of some of them. So it is purely a question here of who is telling the truth." The law requires a defendant to be proved guilty by evidence beyond a reasonable doubt, and in cases of forcible rape, if there is no corroboration of the complaining witness, as a general rule the crime is not established beyond a reasonable doubt. (*People* v. *Fitzgibbons,* 343 Ill. 69; *People* v. *Dameron,* 346 Ill. 408.) In the instant case the complaining witness narrated an assault, which, if the facts are true, amply justified the sentence imposed by the court. The difficulty is, however, there is no corroboration of her statement of force and brutality, and it is totally denied by the defendant.

As tending to throw doubt upon the truth of her story of force, the following are facts, offered to be proved, which tend to impeach her testimony: (a) She gave a

card to the defendant with her telephone number on it, after she had been driven home; (b) she made no complaint to her father or mother until four days after the alleged assault; (c) there were no severe bruises or marks of assault comparable with the degree of force claimed to have been used; and (d) she called upon the employer of the defendant for money, and upon refusal started a suit for $20,000 a few days later.

The affidavits in connection with the motion for new trial disclose that the defendant was nineteen years of age, had served seven months in the Army, was honorably discharged, and bore a good reputation among his friends and acquaintances for chastity. In a case where there is no corroboration of the complaining witness, proof of such facts would have a strong tendency to discredit her testimony, or, at least, leave it so that, uncorroborated, it would be insufficient to warrant a conviction of forcible rape.

The other count in the indictment charged statutory rape. The girl testified she was fifteen years and eleven months old. Her mother testified she was fifteen years old, but was in doubt as to the year she was born. This by itself would render one of the essential elements of the commission of the crime doubtful. Upon a motion for a new trial the defendant offered to prove that she had stated over her own signature in an application for employment in a Walgreen Drug Store that she was seventeen years old. While the trial judge in his comments stated he could not see much difference between fifteen years and eleven months, and sixteen years and one month, it is nevertheless the law that the complaining witness must be under sixteen years of age before statutory rape may be committed.

If the statutory rape count alone were being tried, it is apparent that, if the woman consents, the punishment of thirty years in the penitentiary is excessive. The fact that both charges were considered in the same trial made it easy for the alleged facts in the assault case to be consid-

ered in measuring the punishment for the statutory rape case. We are of the opinion that the trial court abused its discretion in refusing to allow a new trial upon the count charging forcible rape; and we are also of the opinion that the evidence is doubtful on the question of age on the statutory rape count; and certainly the punishment inflicted by the court must have been induced to a large extent by its belief in the testimony of the complaining witness on the forcible rape count.

When the former case was remanded it was for the purpose of giving the trial court an opportunity to measure and weigh the matters set out in the petition for new trial, because the judge had stated that he felt he had no jurisdiction to consider same. We remanded the cause "for positive action upon defendant's motion." At the time it came up for a new trial the case was over two years old, and the trial court limited the defendant's attorney to reading the motion for a new trial, and refused to allow him to put in evidence the statement of age in the application for employment. This statement would have had the effect of impeaching the complaining witness in part. Upon the trial of this case she states she is under sixteen years of age, and in her application for employment she states she is over sixteen years of age. In addition, in this application she makes a statement that she had been employed in a restaurant as a waitress, and in a market house as a cashier, prior to seeking employment in the Walgreen Drug Store, all of which would throw considerable doubt upon her age, not only as contradictory of her testimony, but also because in all these occupations the employees are required to be over sixteen years of age.

Inasmuch as the punishment of thirty years in the penitentiary would be excessive and an unreasonable penalty, under the facts as claimed by the defendant in this case, unless the forcible rape count was proved beyond a reasonable doubt, and, as the evidence upon the part of the State

as to the commission of forcible rape is not strong, we think the ends of justice require a new trial. In fact, in the brief in the instant case the assistant State's Attorney argues only that the defendant was guilty of statutory rape, and in his colloquy with the court did not insist upon anything else.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*