(No. 36898.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* W. L. WHITE, Plaintff in Error.

*Opinion filed November 30, 1962.*

JAMES J. JORGENSEN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant was indicted for statutory rape and forcible rape, and after pleading not guilty, was tried in the criminal court of Cook County and found guilty by a jury which fixed his punishment at ten years imprisonment, and he was subsequently sentenced to the Illinois State Penitentiary. On writ of error, defendant contends that the State failed to prove his guilt beyond a reasonable doubt, that the testimony of the prosecuting witness was not clear and convincing, and that the People failed to corroborate her testimony as required by law.

The prosecutrix testified that she was 13 years of age at the time of trial and lived with her mother, her stepfather,

her brother and two cousins in a seven-room apartment in Chicago. She was in the fifth grade in school. On February 13, 1960, about 9 or 10 o'clock, she went to bed in her bedroom with her four-year-old brother. Sometime after eleven o'clock she awoke, and discovered her stepfather's brother, the defendant, having intercourse with her. She told defendant to get up, and sometime later he did get up and gave her two dollars. She went to the washroom and then back to bed and to sleep. Later, her mother returned home and found the defendant lying fully clothed, on top of the covers, in the bed in which the prosecutrix and her four-year old brother were sleeping. Upon her mother inquiring as to whether defendant had done anything to her, prosecutrix said "no". On cross-examination she testified she had gone to four different schools a total of 10½ years, that her mother and stepfather had left the apartment with the defendant about 11 P.M. to go to a party; that her mother and stepfather came home about 3 A.M.; that the defendant frequently slept at her home; that she told her mother nothing happened; that her brother never woke up; that neither of her cousins (two boys aged 15 and 13) came in the room at any time that night; that defendant slept in another room with the boys the rest of the night, following the mother's return.

The mother of the prosecutrix testified she and her husband left the house with the defendant about 11 P.M. to go to a party and "we carried the defendant to his home shortly afterwards." She returned to her home about 3 A.M. and discovered defendant on her daughter's bed, lying on top of the covers fully clothed. She woke her daughter and asked her if defendant did anything to her, and the daughter said "no". The next morning the prosecutrix again denied to her mother that defendant "approached" her, although the mother at that time urged her daughter not to lie to her.

A physician attached to the Family Court of Cook County testified she examined prosecutrix on August 30,

1960. The doctor expressed the opinion prosecutrix was in her sixth month of pregnancy at the time of the examination.

Defendant took the stand in his own defense and testified that he didn't think he was at his brother's house on February 13, 1960, but that he might have been. He denied ever having had sexual relations with prosecutrix, but said he had lain on the bed with prosecutrix and her brother but "that was no harm."

We have held that the testimony of a prosecutrix, uncorroborated by other witnesses, may be sufficient to justify a conviction if such testimony is clear and convincing. (*People* v. *Sciales,* 345 Ill. 118, 120; *People* v. *Freeman,* 244 Ill. 590; *People* v. *Andreanos,* 323 Ill. 34.) If the testimony is not clear and convincing, then corroborative evidence must be produced to support her testimony as against the denial of the defendant. (*People* v. *Scott,* 407 Ill. 301; *People* v. *Ritchie,* 401 Ill. 542.) In *People* v. *Schiro,* 361 Ill. 117, we said (p. 120): "We have repeatedly held that where a conviction of rape, statutory or otherwise, depends upon the testimony of the prosecuting witness and the defendant denies the charge, the evidence of the prosecutrix should be corroborated by some other evidence, fact or circumstance in the case".

In *People* v. *Fitzgibbons,* 343 Ill. 69, we pointed out that in a prosecution for rape, the testimony of the prosecutrix must be scrutinized with caution, and where evidence is offered substantially impeaching the truth of her statements and the defendant denies the crime, her evidence should be corroborated.

While the testimony of the prosecutrix in this case is clear as to the alleged act itself, yet the record further establishes her denial to her mother, not once, but twice, that anything happened, and there is no showing when or why she accused defendant other than the fact of his arrest six months later.

The mother's testimony corroborates only the presence of the defendant, fully clothed, lying on top of the covers on the bed with the brother lying between defendant and prosecutrix, and her daughter's repeated denial that anything had occurred. The physician's testimony does not corroborate as to the defendant's guilt, but tends to establish only that prosecutrix must have had intercourse with someone about six months previous to the examination.

Essentially, this case presents only one question. Can it be said the proof establishes the defendant's guilt beyond a reasonable doubt where the prosecutrix, at the first opportunity to make complaint denies that defendant violated her and repeats her denial the following morning, despite her mother's urging to be truthful, and six months later reverses her statement and accuses defendant?

We are reluctant to disturb a jury's verdict based upon conflicting evidence, but it is our duty to reverse if the evidence is insufficient to remove all reasonable doubt of defendant's guilt and create an abiding conviction that he is guilty of the crime charged. (*People* v. *Qualls,* 21 Ill.2d 252, and cases there cited. ) The proof here falls short of these requirements.

Since it does not appear that any useful purpose would be served by remanding this cause, the judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*