**The People of the State of Illinois, Plaintiff-Appellee, v. George R. Laczny, Defendant-Appellant.**

**Gen. No. 49,972.**

First District, First Division.

October 25, 1965.

Rehearing denied November 15, 1965.

Bellows, Bellows & Magidson, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago, (Elmer C. Kissane and Lawrence L. Genesen, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, George R. Laczny, a Justice of the Peace of Thornton Township, was assigned to sit in the City of Country Club Hills, Illinois. In October of 1963, he was indicted on charges relating to money collected by him as a fine in a case which was heard by him on August 31, 1963. The indictment was in three counts. The first count charged official misconduct in that the defendant intentionally failed to perform a mandatory duty to turn over to the Treasurer of Country Club Hills $400 which he had received in his official capacity. Count two charged official misconduct in that he performed an act in excess of his lawful authority with the intent to obtain a personal advantage in that he concealed $400 which he had received in his official capacity. The third count charged that he committed the crime of theft in that he knowingly exerted unauthorized control over $400 with intent to deprive the owner, the City of Country Club Hills, permanently of the use and benefit of said property. At the close of the case, the State moved to dismiss count two, which was allowed. The jury found the defendant guilty of counts one and three, charging official misconduct and theft of the amount of $400. After overruling motions for a new trial and in arrest of judgment, the court sentenced the defendant to a term of not less than one and not more than two years in the Illinois State Penitentiary.

The defendant brings this appeal contending that count one of the indictment is void because it fails to allege certain indispensable facts; that the defendant is not guilty beyond a reasonable doubt of either official misconduct or theft; that the trial court committed reversible error in refusing to give an instruction relating to defendant's theory of the case; and that comments made by the trial judge and by the Assistant State's Attorney prevented defendant from receiving a fair trial.

From the record, it appears that a motorist was arrested in Country Club Hills, Illinois, on August 4, 1963, on a charge of driving while intoxicated. He posted bond of $500 in cash, and on August 31 appeared before the defendant, who was presiding as a Justice of the Peace at the Country Club Hills City Hall. Defendant informed him that the statutes authorized a sentence of a year in jail and a fine of $1,000. After a plea of guilty was entered, the defendant imposed a fine of $495 and $5 costs. The motorist asked whether his cash bond of $500 could be accepted in payment of his fine, and defendant agreed. Natalie Felber, a police matron, put the money in an envelope, and at the motorist's request gave him a receipt for $500. Mrs. Felber was acting as temporary clerk because the defendant's regular clerk was unable to come to court that day. She did not enter any orders on the court sheets, and at the close of the proceedings turned over to the defendant both the envelope and the court sheets.

On September 4th, the defendant instructed Helen Banik, his regular clerk, to enter on the court sheets the dispositions of the August 31st cases, and at his direction she entered the following opposite the motorist's name. Under the heading "Fines Paid" she entered "95.00"; under "Costs Paid" she entered "5.00." In the column headed "Disposition," she wrote: "red to neg driving." The posting of these items was made on the original court sheet with five copies. The original went to the magistrate, two copies went to the City of Country Club Hills, and the auditor received two or three copies.

On September 11th, the defendant discussed his disposition of the case with Max Atkin, the Chief of Police of Country Club Hills and gave him a check in the sum of $565 which represented the fines collected for August and which included the sum of $95 plus $5

costs for the involved motorist's fine. Atkin testified that the defendant said a lawyer had called him about the case, and that defendant had suspended another $400 of the fine. Defendant denied making this comment to Atkin. Atkin and Mrs. Banik testified that Atkin told the defendant that the disposition was incorrectly entered on the court sheets, and that the defendant then directed Mrs. Banik to make the following entry on one of the copies of the court sheet: "900.00 Suspended. 1 yr. C. Jail Suspended." The entry appears on the court sheet, but the defendant denied that he so directed Mrs. Banik.

On September 12th, the City Clerk received from Atkin the defendant's check for $565 for the August fines, wherein $100 was designated as a remittance of the fine in the case in question.

On October 10th, the defendant had a telephone conversation with Donald J. Segin, the Mayor of Country Club Hills. Segin testified that he told the defendant that he was mailing a letter to him requesting the September fines, and that in that conversation he said: ". . . we did have a receipt in our file for $500.00 that was paid by [the motorist]. Judge Laczny then said to me 'Mayor, I was just trying to be a good fellow and I think I did a good job in Country Club Hills.' He said, 'would you call [the motorist] for me and ask him to withhold any information regarding this case at this time.' I said 'No, sir, I cannot do that, and I don't think that it is right for you to ask me to do that.'" Segin also said that he told the defendant that a representative of the State's Attorney's office was coming to Country Club Hills the next day to inquire about the case. Segin further testified that the defendant called him the next day and requested Segin to call the motorist and ask him to tear up his receipt, which Segin refused to do. The defendant denied asking Segin to make such a call, denied that

Segin told him about the impending investigation by the State's Attorney's office, and testified that he did not discuss that motorist's case with Segin.

On October 11th, the defendant told Mrs. Banik that there was a clerical error in the original entry of $95 and $5 costs and that it should have read $495 and $5 costs, as it appeared on his copy of the court sheet. The defendant admitted that he placed the figure "4" before the item "95" on his sheet. On October 14th, the defendant mailed a check to the Village Treasurer of Country Club Hills in the amount of $1,227, which constituted his remittance of the September fines and of an additional $400 from the case in question.

The defendant contends that the first count of the indictment was fatally defective because it failed to charge that the $400 was the property of the City of Country Club Hills, or that he received it while acting as Justice of the Peace for that city, or to state facts which show the nature of the duty which required him to turn over to that city the sum of $400. Count one of the indictment accuses the defendant of committing the offense of official misconduct,

> . . . in that he, a public officer, a Justice of the Peace of Thornton Township, Illinois, in his official capacity, intentionally failed to perform a mandatory duty as required by law in that he failed to turn over to the Treasurer of the City of Country Club Hills, Illinois, the sum of Four Hundred Dollars which he has received in his official capacity.

Under the Illinois Constitution, the accused in a criminal prosecution is entitled, ". . . to demand the nature and the cause of the accusation," Ill Const art 2, § 9. The cases which have interpreted this language, some of which are cited by the defendant, have

330

held that the indictment must be sufficiently specific to enable a defendant fully to prepare his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense. People v. White, 24 Ill App2d 324, 164 NE2d 823; People v. Peters, 10 Ill2d 577, 141 NE2d 9; People v. Green, 368 Ill 242, 13 NE2d 278. In our opinion, the indictment in this case adequately satisfies these standards. There can be little doubt that this defendant knew, at the time he was indicted if not earlier, exactly what charges were being made against him, and that he was not hindered in preparing his defense by any vagueness in the indictment. Furthermore, it is clear that the indictment in this case, taken in conjunction with the record, would constitute a bar to another prosecution for the same offense arising out of the same incident. City of Chicago v. Lambert, 47 Ill App2d 151, 197 NE2d 448. For these reasons, we find this indictment sufficient to support the conviction.

The defendant next contends that the State failed to prove him guilty beyond a reasonable doubt of either official misconduct or theft. He places great reliance upon his claim that he deposited the entire amount received from this motorist in a checking account which he held in the names of some of the towns for which he acted as Justice of the Peace. It is defendant's position that this conclusively proves that he lacked the requisite intent for the crime of theft.

█ Defendant's testimony that he made such a deposit was not contested by the State. This evidence was thus presented to the jury, and was a fact to be considered by them in passing upon the guilt of the defendant. We cannot say that this evidence compelled them, as a matter of law, to acquit the defendant of either of the charges. We must point out that the accounts which the defendant opened in the names

331

of the towns, and over which he had complete control, were not official accounts of the municipalities.

■■ The defendant further contends that, under ch 79 § 164b, Ill Rev Stats, 1963, he was not obligated to turn over to the City the fine in this case until December 1, 1963, and that in fact full remittance had been made, not only before that date, but even before the return of the indictment on October 28, 1963. But defendant is not convicted of a violation of the statute which he cites; nor is he convicted of committing an offense on the date of the return of the indictment. He is convicted of committing official misconduct and theft on September 11, 1963. On that date, the defendant remitted $100 to the City of Country Club Hills in connection with the case in question. The court sheets, which were prepared at the direction of the defendant and delivered to the city officials, then indicated that $100 was the entire amount due from the defendant in connection with that case. The jury could have found from this and other evidence that the defendant was guilty as charged.

■ It is the position of the defendant that the mere oral pronouncement of a decision was not effective until it was reduced to a written memorandum, and that the written memorandum in this case set the fine at $100, not $500. He further contends that, in any case, the defendant had the right to alter or change his oral decision in the case within thirty days after it was rendered, and that therefore the $400 in question was the property of the motorist and not of the City of Country Club Hills. As authority for this position, he cites the case of People v. Ritchie, 399 Ill 144, 77 NE2d 137. In that case, a trial judge had refused to consider a motion to vacate the judgment of conviction and to order a new trial, believing that the fact that term time had passed terminated his jurisdiction over the case. The Supreme Court, in reversing and re-

manding for consideration of the motion, held that under the statute the trial court had authority to consider such a motion if it was filed within thirty days from the date judgment was rendered, regardless of term time. But in the case at bar, it is undisputed that no motion was made by the motorist, and that there were no proceedings in open court with regard to this case subsequent to August 31. Thus, even if defendant did have the power, under some circumstances, to modify the judgment in this case, the record does not support the contention that his actions constituted a valid modification.

The defendant also contends that the trial court improperly refused to give an offered instruction which read as follows:

> The Court instructs the jury that in determining whether the defendant, George Laczny, committed the offense of official misconduct or the offense of theft, they should take into consideration evidence that the defendant accounted for all fines that he received on August 31, 1963.

■■ The defendant argues that he is entitled to instructions which properly present his theory of the defense, and we are in accord with this view. People v. Provo, 409 Ill 63, 97 NE2d 802. But this instruction does no more than to draw the jury's special attention to one facet of the evidence in the case to the exclusion of the other evidence, and for that reason it is improper. In People v. Schultz, 260 Ill 35, 42, 102 NE 1045, the court said:

> It is further insisted that the court erred in the giving and refusing of instructions. The objection most strongly urged is to the refusal of instruction No. 1 offered by the plaintiff in error. It called the jury's attention to the testimony of the prose-

cutrix, enumerating the various things that "should" be taken into consideration in weighing her testimony. While it may be proper to enumerate such elements, an instruction should not tell the jury, as did this one, they "should" consider certain things. The jury must be left free to pass upon the credibility of witnesses and determine for themselves the weight to be given to the testimony.

And in People v. Durand, 313 Ill 582, 586, 145 NE 1962:

The fifth instruction offered by the defendant was properly refused because it calls special attention to the fact that the deceased was a much larger man than the defendant. While it is proper for a jury to take into consideration this fact, it is equally so that they take into consideration all the facts bearing upon the question of guilty or not guilty. This instruction limited the consideration entirely to the one fact mentioned.

■ Defendant's final contention is that comments made by the trial judge and by the Assistant State's Attorney prevented him from receiving a fair trial. He alleges that the court, in sustaining an objection to the closing argument of the defendant's counsel, made an incorrect statement of the evidence in the presence of the jury. From a careful review of the record, we are of the opinion that any inaccuracies mentioned either by the Court or by counsel could not have prejudiced the defendant or have affected the jury's verdict.

In his closing argument, the prosecutor said:

Now, Laczny said he deposited it into his account. Well, how do you balance? Do you just take $500

334

and deposit it to your account and don't know it is there? If you believe that this could happen, because either he is so ignorant or so careless that he doesn't keep any records. Now, this is a fine thing. It evolves in his favor. We haven't got those checks. Those checks were all returned to him. He has statements as well as all those cancelled checks. I can't give you that. I had difficulty getting a check Mr. Bellows had brought into the courtroom on one occasion to show to a witness. Do you remember?

Mr. Bellows: You mean I gave it to you. I will give you any check you want.

■ The defendant contends that it was improper for the prosecutor to argue that he had difficulty in obtaining evidence from counsel for the defendant. He also objects to several other comments made by the Assistant State's Attorney, and claims that despite the fact that the trial judge sustained his objections to the comments, they prevented him from receiving a fair trial. We have examined those comments, and while certain portions appear to have been improper, the evidence of guilt is sufficiently clear and convincing that we cannot say that the jury could have come to any different conclusion if the remarks had not been made. People v. Hines, 30 Ill2d 152, 195 NE2d 712. We have reviewed the cases of People v. Black, 317 Ill 603, 148 NE 281, People v. Chrfrikas, 295 Ill 222, 129 NE 73, and People v. Green, 292 Ill 351, 127 NE 50, cited by defendant on this point, and find that they are readily distinguishable from the instant case.

■ We also do not agree with the defendant that "the good reputation of the defendant together with the well-established rule that the acts of a public official are presumed to be performed in good faith

should be sufficient to reverse the judgment of conviction."

The judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.