People of the State of Illinois, Plaintiff-Appellee, v. Dean J. Deakyne, Defendant-Appellant.

Gen. No. 66–116M.

Second District.

June 13, 1967.

Lee, Gieren & Phelan, and William H. Le Vitus, of Chicago, for appellant.

Bruno W. Stanczak, State's Attorney, of Waukegan, and William G. Rosing, Assistant State's Attorney, for appellee.

JUDGE ABRAHAMSON delivered the opinion of the court.

A complaint was filed in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, charging the defendant, and appellant herein, Dean J. Deakyne, with a violation of section 22.01 of the Uniform Act Regulating Traffic (Ill Rev Stats, c 95½, § 119.1 (1965)). Deakyne entered a plea of not guilty, waived his right to a trial by jury, and the matter proceeded to trial on May 31, 1966. At the conclusion of the evidence, the court found the defendant guilty as charged.

Defendant filed a motion in arrest of judgment and a petition for probation. The motion attacked the sufficiency of the complaint on the grounds that the complaint failed to charge the defendant with an offense and failed to set forth any facts either in the language of the statute or otherwise that would adequately inform the defendant of the nature and elements of the offense of which he was accused in violation of section 111–3 (a)(3) of the Criminal Code (Ill Rev Stats 1965, c 38, par 111–3(a)).

On June 23, 1966, the court entered an order that denied both the motion and petition and sentenced the defendant to 15 days in the Lake County jail and imposed a fine of $100 and $5 costs. It is from that portion of

the order that denied the motion in arrest of judgment that this appeal is prosecuted.

The form of complaint used in this case was the Illinois Uniform Traffic Ticket and Complaint adopted by the Department of Public Safety Division of State Highway Police in 1964. The complaint charged that "on the 9th day of April, 1966, at 4:07 A. M." the defendant did unlawfully operate a 1965 2-door Pontiac, license number PF 2372 (1966) on Half Day at Skokie Highway in Deerfield Township and Lake County in that he was "Eluding a Police Officer" in violation of section 22.01 of the Uniform Act Regulating Traffic.

Section 111-3(a) of the Criminal Code provides as follows:

"Form of Charge.

"(a) A charge shall be in writing and allege the commission of an offense by:

"(1) Stating the name of the offense;
"(2) Citing the statutory provision alleged to have been violated;
"(3) Setting forth the nature and elements of the offense charged;
"(4) Stating the date and county of the offense as definitely as can be done; and
"(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty."

It is obvious that the complaint against Deakyne contained the elements enumerated in subparagraphs (1), (2), (4), and (5). The defendant would have us conclude, however, that the statement "Eluding a Police Officer" is not sufficient to satisfy the requirements of subparagraph (3).

340

■ The purpose of the section is to assure that an accused is adequately informed as to the precise charge brought against him so that he will be able to prepare his defense and to protect himself from subsequent prosecution for the same offense. People v. Laczny, 63 Ill App2d 324, 330, 331, 211 NE2d 438; People v. White, 24 Ill App2d 324, 330, 164 NE2d 823.

The defendant cites a recent Supreme Court case, People v. Griffin, 36 Ill2d 430, 434, 223 NE2d 158, which holds that a verified complaint that charged the defendant with the offense of Reckless Driving in that he drove his vehicle with a willful and wanton disregard for the safety of persons and property in violation of the statute was insufficient because it did not state the "nature and elements" of the crime. That case, and the earlier case of People v. Green, 368 Ill 242, 13 NE2d 278, approved and cited therein, concerns itself with the problem that the charge of Reckless Driving did not tell the defendant what specific acts he was charged with. The court pointed out that the charge of reckless driving against the defendant might include a multitude of different acts: running through a succession of red lights; driving at an excessive rate of speed; driving on the wrong side of the road, etc. It would be essential in such charge that the defendant be advised as to the particular acts that comprised the offense to assure his constitutional privilege against double jeopardy.

■ The same problem does not exist in the charge of "Eluding a Police Officer" which, although brief, is nonetheless designated with sufficient precision to apprise the accused of the particular act that is the basis of the charge.

Section 119.1 of chapter 95½ of the Illinois Revised Statutes, (§ 22.01 of the UART) provides that a person must "willfully" fail or refuse to heed the police officer to be guilty of the offense of "Fleeing or attempting to elude police officer." The defendant argues that the

complaint against him was, therefore, fatally defective in that it did not charge him with the "willfulness" necessary to support the conviction. Presumably, he would require that, at the least, the complaint should have recited that he had "willfully eluded a police officer." However, the act of "eluding" anything includes, by definition, the element of willfulness that is necessary to prove the offense. It cannot be said that a person "eludes" another unless it involves a voluntary effort to avoid or escape that other person. Therefore, the addition of the word "willfully" would have been redundant and its inclusion was not essential as urged by the defendant.

We conclude that the complaint was sufficient to advise the defendant of the precise offense of which he was accused and that, therefore, his motion in arrest of judgment was properly denied.

We are also not convinced that the Criminal Code has application to the Illinois Uniform Traffic Ticket and Complaint. The Supreme Court, on February 15, 1964, adopted an "Amended Rule relating to procedure in traffic cases, quasi-criminal cases and certain misdemeanors. . . ." prepared by the Conference of Chief Circuit Judges. (Ill Rev Stats, c 110, Procedures in Traffic Cases immediately following 101.72.) Paragraph (c) of that Rule expressly provides for the use of that form of complaint and it would not be unreasonable to conclude that the Criminal Code has no application. People v. Harding, 34 Ill2d 475, 216 NE2d 147.

For the reasons cited, the judgment of the trial court will be affirmed.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.