THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HIPOLITO CLAUDIO, Defendant-Appellant.

(No. 55694; ▮▮▮▮▮▮▮▮▮▮)

First District—December 30, 1971.

Betty B. Lyon, of Chicago, (Terry Yale Feiertag and Thomas Grippando, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendant was found guilty by a judge sitting without a jury of the offense of contributing to the sexual delinquency of a child (Ill. Rev. Stat. 1969, ch. 38, par. 11—5), for which he was sentenced to one year probation. In his appeal the defendant argues that he was not proved guilty beyond a reasonable doubt and that the Bill of Particulars filed in this case limited the State to the specific averments stated therein.

We reverse.

Since this appeal raises the issue of whether defendant was proved guilty beyond a reasonable doubt, a brief statement of the evidence introduced at the trial is in order.

The prosecuting witness testified that on or about March 25, 1969, at 12:30 P.M., while returning to school after lunch she was stopped on the street by the defendant who threatened her with a knife, forced her into his apartment a few doors away, and there raped her. She testified further that the defendant threatened to kill her if she ever told anyone of the occurrence. On cross-examination she stated that she told no one what had happened until her mother noticed she was pregnant some seven months later. The prosecuting witness's mother testified that her daughter was fourteen years old in March of 1969.

The defendant testified to knowing the prosecuting witness by sight, but he denied having committed the offense, ever having the complainant in his apartment, or ever having touched or threatened the complainant in any way. The defendant further testified that on March 25,

1969, he was at work at the Ambassador East Hotel during his regular shift from 11:30 A.M. until 3:00 P.M., where he had been employed for 13 years.

Mr. Lofgren, called as a witness by the defendant, testified that he was the defendant's immediate superior at the hotel. Mr. Lofgren further testified that he had been employed at the hotel for 15 years. He testified that although he had no independent recollection of defendant's presence at work on March 25, 1969, he did keep records that showed who worked on each day. He stated that the records were kept for union purposes and in case of customer complaints. The records were in the witness's handwriting and were kept under lock and key. The records were kept to show the stations of assignment where each employee worked on a particular day. Mr. Lofgren testified that these records were made up beforehand, but that they were corrected after each working day if any employee did not work his assigned shift. He further testified that the records show that defendant worked the 11:30 A.M. to 3:00 P.M. shift on March 24, 25 and 26 of 1969.

● 1 The prosecuting witness presented an uncorroborated account of the alleged offense. Although the State attempted to use the fact of her pregnancy as corroboration, evidence of pregnancy could show no more than that the prosecuting witness had been engaged in sexual intercourse by some person, and barring strong evidence of unusual heredity features shared between the accused and the child born to the complainant, is of no probative value in determining the identity of the offender. *People v. Cassidy* (1918), 283 Ill. 398, 119 N.E. 279; *People v. Schiro* (1935), 361 Ill. 117, 197 N.E. 535; *People v. Dameron* (1931), 346 Ill. 408, 179 N.E. 95.

In *People v. Pax* (1948), 399 Ill. 605, 78 N.E.2d 255 the Court stated at page 609:

"The burden rests upon the People not only to prove beyond a reasonable doubt the commission of the crime charged but also to establish by the same degree of proof the perpetration of the crime by the person accused. *People v. Buchholz*, 363 Ill. 270; *People v. Gold*, 361 Ill. 23; *People v. Peck*, 358 Ill. 642. * * * Neither can we disregard the evidence of alibi where the only evidence tending to contradict it rests upon the identification of the plaintiff in error as the perpetrator of the crime. *People v. Buchholz*, 363 Ill. 270; *People v. Gold*, 361 Ill. 23; *People v. DeSuno*, 354 Ill. 387."

■■ The defendant denied any sexual intercourse ever taking place between the prosecuting witness and himself. The prosecuting witness testified that the offense took place on a school day on or about March 25, 1969. The defendant, in turn, presented an alibi that removed him

from the scene on the day in question, the day preceding and the day following. Further, the defendant presented a witness to corroborate his alibi which remained uncontradicted by the State.

In view of these facts, we find that the evidence presented at defendant's trial was insufficient to sustain the conviction and raises a reasonable doubt of defendant's guilt. It will, therefore, be unnecessary to consider defendant's argument concerning the Bill of Particulars.

Judgment reversed.

McNAMARA, P. J., and DEMPSEY, J., concur.