# WILLIAMS

## v.

## COMMONWEALTH.

(*Supreme Court of Appeals of Virginia, Sept. 19, 1895.*)

[22 S. E. Rep. 859.]

**Buggery—Sufficiency of Evidence.**
When defendant, charged with buggery, was under 12 years of age, and no complaint was made for 2 years, a conviction will be set aside.

Error to Highland county court; C. R. McDonald, Judge.

Brown Williams brings error to judgment entered on a verdict convicting him of buggery. Reversed.

*J. C. Lightner*, *S. B. Sieg*, and *Curry & Blease*, for plaintiff in error.

*R. Taylor Scott, Atty. Gen.*, for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

The plaintiff in error, Brown Williams, was indicted at the November term, 1894, of the county court of Highland county, for the crime of buggery, under section 3793 of the Code of Virginia,—the offense having been committed, as alleged in August, 1892,—and at the January term, 1895, was convicted, and his term of imprisonment in the penitentiary fixed by the jury at two years. A motion was made by the accused to set aside the verdict because contrary to the law and the evidence, which motion was continued to the March term of

the court, 1895, when the judge of the county court overruled the motion, and entered judgment in accordance with the verdict of the jury. From this judgment a writ of error was awarded by this court, it having been refused by the judge of the circuit court of Highland county

The sole question to be disposed of is whether the evidence is sufficient to sustain the verdict of the jury. In treating of the offense of which the plaintiff in error is charged, Russell, in his work on Crimes (volume 1, 9th Ed., p. 937), says : "When strictly and impartially proved, the offense well merits strict and impartial punishment; but it is, from its nature, so easily charged, and the negative so difficult to be proved, that the accusation ought clearly to be made out. The evidence should be plain and satisfactory, in proportion as the crime is detestable." The evidence in this case is of such a character that we will not repeat it. Suffice it to say that it by no means clearly and satisfactorily shows that the crime of which the plaintiff in error was charged had been committed, and signally fails to identify the accused as the person who committed the offense. Moreover, the principal witness for the commonwealth, who waited more than two years before making the accusation upon which this indictment was found, states that the person whom he charges with having committed the offense was a boy that he supposed to be about 10 or 12 years of age ; thereby rendering it, according to the weight of authority, extremely doubtful, to say the least, whether the plaintiff in error was capable of committing the offense for which he was indicted and convicted. Indeed, all the testimony in the case fixes his age, at the date at which this offense is alleged to have been committed, under 12 years. We are clearly of opinion, for the reasons stated, that the evidence in this case is not sufficient to sustain the verdict of the jury, and that the county court of Highland county erred in not awarding the accused a new trial ; and its judgment, therefore, must be reversed and annulled, and the case remanded to that court for a new trial, to be had in accordance with this opinion.