(No. 31455.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAURICE SCOTT, Plaintiff in Error.

*Opinion filed November 27, 1950.*

GEORGE C. ADAMS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

This is a writ of error to review a judgment of conviction entered by the criminal court of Cook County. Plaintiff in error, together with two of his employees, Albert Brown and Frank Martin, was charged with the forcible rape of the prosecuting witness, Helen Trepack. A trial before the court, trial by jury having been waived, resulted in plaintiff in error being found guilty and sentenced to the penitentiary for a term of fifteen years. The other two defendants were found to be not guilty.

Plaintiff in error was the proprietor of a neighborhood furniture store situated at 2439 Wentworth Avenue, in the city of Chicago. A stairway in the furniture store led to a second floor six-room apartment where plaintiff in error made his home. It is the contention of the People that the prosecutrix went to the store to identify some furniture, which was in storage, and while there was induced to go to the second floor on the pretense that her furniture was stored there; that she was held captive, in the apartment of plaintiff in error, from about five o'clock in the afternoon of May 19, 1948, until about six o'clock in the morning of the second day following; and that during the time she was being held in the apartment against her will she was beaten and forcibly raped by plaintiff in error.

That the prosecutrix was at the furniture store and in the apartment of plaintiff in error for the interval of time mentioned is not controverted. A sharp controversy does exist as to what transpired while she was there. Plaintiff in error not only denies that he raped the prosecutrix, but denies that he had any sexual relations with her whatsoever. He asserts that the prosecutrix went upstairs voluntarily to discuss the possibility of obtaining a loan on her furniture; that she was permitted to remain and recline on a couch because she was too intoxicated to depart; that she said she had no place to live and the next day undertook to clean up the apartment, after the redecorating then in progress had been completed, in order to obtain money with which to go to Wisconsin.

Errors urged as grounds for reversal are (1) that the evidence fails to prove, beyond all reasonable doubt, the forcible rape of the prosecutrix, (2) that the judgment of conviction rests on the uncorroborated testimony of the prosecuting witness, and (3) that the court erroneously permitted statements of codefendants, made out of the presence of plaintiff in error, to be received in evidence against him.

Lord Hale once aptly observed that an accusation of rape is easily made, hard to be proved and still harder to be defended by one ever so innocent. (*People* v. *Freeman,* 244 Ill. 590; 3 Greenleaf on Evidence, sec. 212; 1 Hale's Pleas of the Crown, 634.) It is for this reason that reviewing courts are especially charged with the duty to carefully examine the evidence in rape cases. (*People* v. *Kazmierczyk,* 357 Ill. 592.) It is the further duty of a reviewing court, where a verdict is returned by a jury in a criminal case or where a similar finding is made by a court where a jury has been waived, not only to carefully consider the evidence but to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and is not sufficient to create an abiding conviction that he is guilty of the crime charged. (*People* v. *Abbate,* 349 Ill. 147.) While this court must of necessity examine the evidence introduced in such cases, the lurid and revolting details thus revealed will be permitted to remain buried in the record, except insofar as a recital of facts is indispensable to an understanding of the case.

The pertinent facts revealed by the testimony of the prosecuting witness are that she went into the apartment reluctantly, became frightened while there, called for help out of a front window, was beaten for ten minutes and threatened with death by plaintiff in error, who accused her of trying to cause him trouble when he found she had gone to the front part of the house near the window. Thereafter she was prevailed upon to take two drinks of whiskey after which she removed her clothing, at the insistance of plaintiff in error, and was given a bath. After bathing her, plaintiff in error treated her bruises and contusions with iodine, particularly about the lips. At this time he told her that she was drunk and had hurt herself. Some time was then spent by plaintiff in error in combing and rearranging the hair of prosecutrix while compliment-

ing her on its appearance. Up to this time no expression of desire, or demand, for sexual relations on the part of plaintiff in error appears in the testimony of the prosecutrix. At this point, however, she claims that at his direction she reluctantly went into the bedroom and got into bed. He followed and for the first time insisted on engaging in sexual intercourse with her. In response to the direct question whether he did anything else to her before engaging in the act, she replied in the negative. From her description of the occurrence, and the five hours of sexual excesses which she claims then transpired, it is clear that, however reluctantly begun, the sexual acts were engaged in without any resistance whatsoever on the part of the prosecutrix.

If the account of the prosecuting witness be taken as true, the vital question is whether she ceased resistance because it was useless or dangerous or because she ultimately consented. It does not appear from her testimony that she was overcome by the superior strength of plaintiff in error, or that she no longer had the physical power to resist him. A strong inference that she was not paralyzed by fear arises from her testimony that about ten-thirty o'clock in the evening, immediately after the occurrence, both she and plaintiff in error turned over and went to sleep for the remainder of the night. Sleeping throughout the night in the same bed with her ravisher is hardly consistent with the conduct of a chaste and injured woman upon whom the dastardly outrage of a forcible rape had just been committed.

It is a fundamental rule in such cases that in order to prove the charge of forcible rape there must be evidence to show that the act was committed by force and against the will of the female, and if she has the use of her faculties and physical powers the evidence must show such resistance as will demonstrate that the act was against her will. (*People* v. *Meyers,* 381 Ill. 156; *People* v. *Eccarius,*

305 Ill. 62.) It is also fundamental that voluntary submission by the female, while she has power to resist, no matter how reluctantly yielded, amounts to consent and removes from the act an essential element of the crime of rape. (44 Am. Jur. page 909.) It is not contended that the prosecuting witness did not have full and complete use of her faculties, and her physical powers do not appear to have been impaired. The evidence militates against any claim that she might have been overcome or paralyzed by fear. The rule contended for by the People, that proof of physical force in rape is unnecessary if the prosecuting witness was paralyzed by fear or overcome by the superior strength of her attacker, has no application to the facts and circumstances revealed by the evidence in this case.

In a rape case, where the charge is denied, in order to sustain a conviction, unless the evidence is clear and convincing, the testimony of the prosecutrix must be corroborated by other facts and circumstances in evidence. (*People v. Silva*, 405 Ill. 158; *People v. Glasser*, 335 Ill. 263.) Where the injured female testifies to the commission of the rape, evidence of complaint by her soon after the occurrence, or at first opportunity, is competent, not to prove the commission of the act but to corroborate her testimony. *People v. Carruthers*, 379 Ill. 388.

A police officer and an assistant State's Attorney testified that the prosecuting witness made complaint to them on the same day she left the premises of plaintiff in error. The doctor who examined her found certain contusions about the lips, head and arms of the prosecutrix. He did not testify that she told him she had been raped and there is nothing in his testimony to indicate that he made any examination of her private parts. Neither the taxicab driver, who drove her home, nor the brother or mother of the prosecutrix, to whom she claims to have first made complaint, testified at the trial. The failure of these witnesses to testify tends to lessen the spontaneous character

of the complaint made to the officers and likewise weakens the corroborative quality of such evidence.

Numerous inconsistencies and improbabilities appearing in the evidence tend to add to the incredibility of prosecutrix's claim that she was forcibly raped by plaintiff in error, while being held captive in the apartment over his furniture store. Business was going on downstairs as usual. Money from transactions with customers in the furniture store was being brought upstairs and given to plaintiff in error. A stairway leads from the apartment to the furniture store. The front of the apartment had three windows opening on the public street. There was at least one public telephone available for her use. On one occasion she admitted that she was alone in the apartment. Yet the prosecuting witness testified that, despite her terrifying experience of the previous evening, she stayed on for another day and night submitting to repeated sexual acts without resistance or outcry. During this time she cooked all the meals for the household, which included the two employees in the store. In addition she did the laundry and undertook to clean up the apartment.

The failure of prosecutrix to attempt to use the telephone, or attempt to leave the premises, or to attract the attention of persons in the store, on the street, or in the neighborhood, is inconceivable and inconsistent with the conduct of one whose womanhood had just been outraged. Instead of attempting to escape at night, while the others were asleep, she relates that she, too, was asleep in bed with her attacker. The testimony of the prosecutrix is not of that clear and convincing character required to support the conviction under the rule in the cases of *People* v. *Sciales*, 345 Ill. 118, and *People* v. *DeFrates*, 395 Ill. 439, relied upon by the People.

Error is assigned on the reception in evidence of a joint written statement made to police by the two co-defendants who were being tried with plaintiff in error.

This statement was unsigned by the codefendants and each of them denied at the trial that it contained the truth. The cause was being tried by the court without a jury. The statement was first admitted in evidence only as to the two codefendants. The record is not clear as to whether it was later admitted to be considered with the other evidence on the question of the guilt or innocence of plaintiff in error. Statements and declarations of his codefendants, made out of his presence and not assented to by him, were inadmissible against plaintiff in error, and it would constitute error to consider such statements in determining his guilt. (*People* v. *Buckminster,* 274 Ill. 435; *People* v. *Patris,* 360 Ill. 596.) This case must be reversed for other reasons, however, and it is not necessary that this question be further considered.

The evidence upon which the conviction is based is of such unsatisfactory character as to raise a reasonable doubt as to the guilt of plaintiff in error. In addition to his other defenses, plaintiff in error produced five witnesses, appearing to be reputable persons, who testified that his reputation for chastity was good. While proof of good character is no proof of innocence, it may be sufficient to raise a reasonable doubt where other evidence is not of a satisfying character. (*People* v. *Nelson,* 360 Ill. 562; *People* v. *Dameron,* 346 Ill. 408.) Not only is plaintiff in error entitled to the benefit of his good reputation, but the unsatisfactory character of the testimony of the prosecuting witness likewise raises a strong probability of his innocence. In the light of such testimony, no good purpose could be served by a new trial.

The judgment of the trial court is reversed.

*Judgment reversed.*