MEADOWS *v*. STATE OF INDIANA.

[No. 30939. Filed July 1, 1968. No petition for rehearing filed.]

*John R. Dollens,* Scottsburg, for appellant.

*John J. Dillon,* Attorney General, *Dennis J. Dewey,* Deputy Attorney General, for appellee.

LEWIS, C. J.—This is an appeal from a judgment entered on a finding by the Marion County Criminal Court, Division One, without the intervention of a jury, that appellant was guilty of the crime of sodomy as charged in an indictment, and that he be imprisoned not less than two (2) nor more than fourteen (14) years, pursuant to Burns' Indiana Statutes, Anno. (1956 Repl.), § 10-4221.

The prosecuting witness in this case was at the time of his testimony and for three and one half (3-1/2) years prior to it, a formally committed inmate in Central State Hospital as a mental patient. The Trial Court was completely aware that the prosecuting witness was a committed inmate of a mental institution. The Court, however, conducted at best a minimum oral examination of the witness to determine his competency to testify. The Court was sufficiently concerned

over the impairment of the witness' mental processes that he permitted the prosecuting attorney to examine this witness with unrestricted leading questions and questions suggestive of the answer desired.

It is in this alleged judicial climate that we review the record of the evidence viewed most favorable to the State. *Greenwalt v. State* (1965), 246 Ind. 608, 209 N. E. 2d 254. Appellant's 23-year old stepson testified that appellant committed an act of sodomy per os on him January 30, 1964. The witness thought "vaguely" that fifteen (15) other similar acts were committed subsequently. The witness, at the time of his testimony and for three and one-half (3-1/2) years prior thereto, had been a mental patient incarcerated in Central State Hospital. He was unable to remember the exact day of the crime, although he stated that these occurrences were on weekends he was home from the Hospital. (January 30, 1964, was a Thursday.) The witness was unaware that the charges carried any penalty. The first complaint made by the witness to anyone about the acts was the middle of May, 1964. The witness also stated that at the "prompting" of his stepfather, he told his mother, in August, 1964, that his story was "made up" in retaliation over a family matter. The next day, with appellant not present, he reversed his story once again. Appellant's wife testified, reciting the conflicting stories by her son and her confusion over which story was true. Two acquaintances of appellant testified concerning an incident in the summer of 1964 when appellant showed "dirty" books to them. This was the evidence presented in the record.

Appellant has filed several specific errors in his assignment of errors alleging the court erred in overruling appellant's motion for a new trial. One of the claimed errors is that there was insufficient evidence to sustain the conviction.

"This court cannot weigh evidence, but must determine whether there is substantial evidence of probative value

from which a jury could reasonably have inferred that appellant was guilty of the crime. . . ." *Stice v. State* (1950), 228 Ind. 144, 149, 89 N. E. 2d 915.

". . . We use the word 'substantial' as meaning more than 'seeming or imaginary.' . . ." *Sylvester v. State* (1933), 205 Ind. 628, 632, 187 N. E. 669.

However, in the 1956 *Baker v. State* decision, 236 Ind. 55, 62, 63, 138 N. E. 2d 641, this Court stated:

"In the leading case of *State v. Gregory* (1936), 339 Mo. 133, 143, 96 S. W. 2d 47, 52, the court analyzed the rule on review to be as follows: '. . . it becomes the duty of an appellate court as a matter of law to decide whether the evidence was sufficient to induce a belief of the defendant's guilt beyond a reasonable doubt in the minds of jurors of average reason and intelligence. And in resolving that question *the court undoubtedly can pass on the credibility of the testimony to the extent of determining whether it was substantial in the sense above explained. . . .'* " (emphasis added). See also: *Penn v. State* (1957), 237 Ind. 374, 380, 381, 146 N. E. 2d 240.

It must be remembered that sodomy is a grave offense and that this Court realizes the danger to an accused when he is charged with a sexual offense committed only in the presence of the prosecuting witness. As we look to other jurisdictions for authority, we note that Illinois has guarded the danger with an implementation of the *Baker* (supra) philosophy in an area directly in point with the facts of the case at bar.

"It is well settled that where the decision depends upon the testimony of the prosecutrix and the defendant denies the charge, her testimony *unless it appears clear and convincing,* must be corroborated by some other fact or circumstance. . . ." (emphasis added). *People v. Scott* (1950), 407 Ill. 301, 95 N. E. 2d 315.

The concern of this Court over the dangers of uncorroborated testimony in sex offenses has not been slight. In

*Burton v. State* (1952), 232 Ind. 246, 111 N. E. 2d 892, the Court established a requirement of psychiatric examinations of the prosecutrix in rape cases where there was doubt shed on the guilt of the defendant in the testimony. This Court subsequently ruled in *Wedmore v. State* (1957), 237 Ind. 212, 143 N. E. 2d 649, that the Court had no legal authority for establishing such a specific medical examination as a means of proof. However, it was the psychiatric examination which was overruled and not the Court's concern for the problem of sufficiency which we face today.

There is apparently no case in this jurisdiction which sustained a conviction on a similar record of evidence. It is apparent from the recital of the evidence that the conviction was sustained on the uncorroborated testimony of the appellant's stepson.

The question then is whether the evidence was substantial and probative under *Baker v. State* (*supra*). The prosecutor's witness, appellant's stepson, was at the time of his testimony committed as a mental patient by court adjudication. His testimony discloses "coaching" as to the description of the criminal act. He was unable to recall the day of the offense, but stated it was on a weekend visit home when all of the acts occurred. January 30, 1964, the date stated by the witness as the date of the offense is a Thursday. The witness admitted contradicting his story and his displeasure with his stepfather. The witness stated he did not understand the meaning of the word "incarcerated", yet freely and correctly used it to describe his commitment at Central State Hospital.

The offense charged allegedly occurred January 30, 1964. The stepson did not reveal any of the fifteen occurrences until the middle of May, 1964. Appellant's wife knew nothing of the acts until that time.

No reason for the silence is presented on the record. An indictment on the stepson's complaint was brought in January, 1965. In *People v. O'Connor* (1952), 412 Ill. 304, 106 N. E.

2d 176, an unreasonable delay in making a complaint of sex offenses (rape and sodomy) was held to render the evidence of rape of an uncorroborated prosecutrix insufficient to support a conviction. As to the same result in a charge of sodomy, see *Williams v. Commonwealth* (1895), Virginia, 22 S. E. 859:

". . . But it is from its nature so easily charged, and the negative so difficult to be proved, that the accusation ought clearly to be made out. The evidence should be plain and satisfactory, in proportion as the crime is detestable. . . ."

In the *O'Connor* (*supra*) case, the delay was only eleven days.

Under the circumstances of this case, to uphold the conviction would be a return to the ancient *wager of law,* a consequence not to be desired. We must conclude that following the guidelines of *Baker v. State, supra,* the evidence is not "substantial and probative" and does not meet this State's minimal standards of persuasion. The interests of justice must reach at least this far in an appellate court.

Therefore, the order overuling a motion for a new trial is reversed, and the case is remanded to the Trial Court.

Hunter and Jackson, JJ., concur.

Arterburn, J., concurs in result.

Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 281.