GEORGE E. KIMBLE *v.* STATE OF INDIANA.

[No. 274S39. Filed November 26, 1974.]

*Paul J. Giorgi Professional Corporation,* of Merrillville, *Nicholas J. Schiralli,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

HUNTER, J.—George E. Kimble was charged by affidavit with robbery and infliction of injury during the perpetration of robbery. He pleaded not guilty and requested a jury trial. The jury returned a verdict of guilty on both counts. Appellant filed his motion to correct errors which was overruled by the trial court. This appeal follows:

Appellant Kimble questions only the sufficiency of the evidence upon which his conviction rests. When reviewing the sufficiency of the evidence, this Court will not reweigh the evidence nor determine the credibility of the witnesses. *Smith* v. *State* (1970), 254 Ind. 401, 260 N.E.2d 558. Instead, we consider only the evidence most favorable to the state and the reasonable inferences therefrom. The conviction will be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that appellant was guilty beyond a reasonable doubt. *Martin* v. *State* (1974), 261 Ind. 492, 306 N.E.2d 93. These guidelines for review notwithstanding, appellant invites this Court to determine the credibility of the prosecuting witness whose uncorroborated testimony the jury found persuasive beyond a reasonable doubt. As authority for the proposition that this Court may determine *de novo* the credibility of a complaining witness, appellant relies upon the following language from *Meadows* v. *State* (1968), 252 Ind. 1, 238 N.E.2d 281. In *Meadows* we quoted from *Baker* v. *State* (1956), 236 Ind. 55, 62, 63, 138 N.E.2d 641, as follows:

" 'In the leading case of *State* v. *Gregory* (1936), 339 Mo. 133, 143, 96 S. W. 2d 47, 52, the court analyzed the rule on review to be as follows: ". . . it becomes the duty of an appellate court as a matter of law to decide whether the evidence was sufficient to induce a belief of the defendant's guilt beyond a reasonable doubt in the minds of jurors of average reason and intelligence. And in resolving that

question *the court undoubtedly can pass on the credibility of the testimony to the extent of determining whether it was substantial in the sense above explained. . . ." '* (emphasis added). See also: *Penn* v. *State* (1957), 237 Ind. 374, 380, 381, 146 N.E.2d 240."

In *Meadows* we reversed a conviction for sodomy where the conviction rested solely upon the uncorroborated testimony of the prosecuting witness. In so doing, however, it is important to note that we did not find the testimony of the complaining witness "substantial in the sense above explained." In *Meadows* the prosecuting witness was a mental patient who alternatively recited that appellant did and did not commit the criminal act. The complainant showed signs of hostility toward the accused. While the act allegedly occurred in January, complainant did not mention the incident until mid-May. All of these factors, in view of the relative ease with which the offense charged could be made and the difficulties of refuting it, led us to reverse.

In this case, the prosecuting witness was unquestionably impeached with regard to his prior use of drugs. Appellant argues that since *Meadows* contained contradictory testimony and was reversed, *a fortiori,* this case must also be reversed. Appellant's premise is unsound. It is clear that contradictory testimony as to the occurrence of the criminal act itself must be distinguished from contradictory testimony upon collateral matters. Appellant's attack falls within the latter category. Hence, complainant's impeachment upon collateral matters was merely a fact which the jury could consider in deciding upon the credibility of complainant's testimony on the case in chief.

Appellant additionally urges that evidence of complainant's use of drugs on the evening of the robbery "caused Ward [complainant] to be in a state of mind which placed a reasonable doubt on his identification of the defendant as the person who committed the alleged offenses." Initially it should be noted that the evidence of com-

plainant's use of drugs on the evening in question is conflicting; the evidence most favorable to the state is complaintant's unequivocal testimony that he was not under the influence of drugs. Hence, we need not consider the merits of appellant's claim. Nevertheless, we note that appellant's contention implicitly raises two challenges to complainant's testimony. The first challenge is to defendant's competency; the second is to his credibility. The distinction between these objections must be clearly delineated. Competency is a question of law to be determined by the court, credibility is a question for the trier of fact. It has long been the law of this state that a witness takes the stand clothed with a presumption of competency and that the burden of establishing the contrary falls upon the defendant-appellant. *Lamar* v. *State* (1964), 245 Ind. 104, 195 N.E.2d 98. However, appellant at trial did not object to the admission of complainant's testimony on the basis of alleged incompetency. The only issue before this Court is therefore limited to the credibility of the complaining witness. As noted above, credibility is a question to be resolved by the trier of fact. In this case, the jury decided that the complainant was a credible witness.

The facts most favorable to the state and the reasonable inferences therefrom reveal that Thomas Ward left Kimble's apartment at approximately 4:30 a.m. While walking through an alley en route to his home, Ward heard someone coming up from behind. Ward testified that he turned around and saw the appellant, who pointed a gun at Ward's face. Ward testified that appellant then said, ". . . hold it Itchy give me the money, if you move I'll kill you." Appellant then squeezed the trigger, but the gun did not fire. As Ward turned around to leave, appellant put the gun to Ward's neck and shot him. Ward fell to the ground, but did not lose consciousness. Ward testified that appellant took $90 in cash from Ward's right pocket and fled on foot. Ward eventually staggered to a nearby house and help was summoned. Ward testified that there was a street light in the alley, and that his identification

of appellant was positive. There is no doubt that the foregoing evidence is sufficient to support the jury's verdict. See *Jackson* v. *State* (1973), 260 Ind. 61, 291 N.E.2d 892.

For all the foregoing reasons, the judgment is hereby affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported at 319 N.E.2d 140.