LANCE ROY *v.* STATE OF INDIANA.

[No. 277S90. Filed March 7, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *R. Davy Eaglesfield, III,* of counsel, for appellant.

*Theodore L. Sendak,* Attorney General, *Jane M. Gootee,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of second degree murder, Ind. Code § 35-1-54-1 (Burns 1975), and was sentenced to imprisonment for not less than fifteen (15) nor more than twenty-five (25) years. The defendant raises the following issues on appeal:

(1) Whether or not there was sufficient evidence to sustain the verdict.

(2) Whether or not the testimony of prosecution witness, Gene Nichols, was probative.

## ISSUE I

The evidence against the defendant included the testimony of Gene Nichols, who said that on the day following the commission of the crime, the defendant told him that he, the defendant, had committed it. It is the defendant's position, however, that Nichols' testimony should have been disregarded, under the authority of *Baker* v. *State,* (1956) 236 Ind. 55, 138 N.E.2d 641, as so lacking in credibility as to be entitled to no weight, and this contention forms the second issue herein. We find no merit to his claim under Issue II, for the reasons hereinafter set forth, and it is, therefore, unnecessary to treat Issue I further.

## ISSUE II

The basis for the defendant's claim that Nichols' testimony was entitled to no consideration is that Nichols himself was a prime suspect as the perpetrator of the crime and, therefore, had a strong motive for giving false testimony. *Baker* v. *State, supra,* is not applicable. In

that case, the defendant was convicted solely upon the identification testimony of the victim and in the face of uncontroverted evidence that rendered such identification testimony inherently unbelievable. Baker's alibi evidence was uncontradicted and the place and time of his arrest, as well as the place and time of an unrelated crime for which he had been charged were not supportive of an inference of guilt. It was also uncontradicted that the victim herself, on a previous occasion, had stated that she had not seen the face of her attacker and could not possibly identify him. We held the evidence insufficient, as a matter of law, because a jury could not *reasonably* return a guilty verdict upon such evidence. In our opinion, we acknowledged that such a determination, of necessity involved a determination that the incriminating testimony was not credible, that is to say that under the uncontroverted circumstances, no reasonable man could believe it. In the case before us, however, we are asked to disregard testimony because there was unrefuted evidence of a motive for the witness to testify falsely. Granted the existence of such a motive, however, it does not follow that the witness did, in fact, testify falsely—only that he may have testified falsely. For us to determine that he testified falsely, when the jury has determined that he testified truthfully, would be a mere substitution of our judgment for that of the jury.

It is immaterial upon appellate review that much of the incriminating evidence came from a witness who may have had a stake in the outcome of the case. This is but a matter of credibility. *Bates* v. *State,* (1977) 267 Ind. 8, 366 N.E.2d 659, *Fair* v. *State,* (1977) 266 Ind. 380, 364 N.E.2d 1007. The witness' interest in the outcome of the case did not render him incompetent but affected only his credibility, which was a matter to be resolved by the jury. *Kimble* v. *State,* (1974) 262 Ind. 522, 319 N.E.2d 140.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 373 N.E.2d 137.