**Thelma JOHNSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–285A33.

Court of Appeals of Indiana, Third District.

July 24, 1985.

note were not attached to the answer.

Diane McNeal, Appellate Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

On August 22, 1985, Thelma Johnson (Johnson) was sentenced to four (4) years in prison after a jury found her guilty of involuntary manslaughter, a Class C felony.[1] Johnson requested this Court to review:

(1) Whether an extrajudicial statement was erroneously admitted into evidence?

---

1. IC 1985, 35–42–1–4(3) (Burns Code Ed.). Johnson was charged with shooting Raymond Nunn twice, killing him.

(2) Whether the trial court abused its discretion by imposing a four (4) year sentence?

Affirmed.

## I.

### Extrajudicial Statement

■ In cases where the admission of evidence is an issue, whether such evidence is relevant is a matter of trial court discretion. *Henderson v. State* (1983), Ind., 455 N.E.2d 1117, 1119. Absent clear error or manifest abuse of discretion, such rulings do not constitute reversible error. *Napier v. State* (1983), Ind., 445 N.E.2d 1361, 1364.

Johnson has not contended that the evidence in issue was not relevant, thus, it remains to determine only whether its admission was the result of an abuse of discretion.

On January 14, 1984, Rochelle Cromwell [2] (Rochelle) was in her mother's apartment. On that night she observed her mother shoot Raymond Nunn.[3] After police arrived on the scene, Rochelle was taken to the police station where she provided them with a handwritten statement of what she saw. Rochelle later was called as a witness at her mother's trial, and a carbon copy of her prior written statement was introduced into evidence as State's Exhibit No. 8, over Johnson's timely objection.

Johnson's contention on appeal is that despite the Patterson rule, certain portions of Rochelle's extrajudicial statement should have been excluded as hearsay. The basis for this position is that Rochelle could not recall at trial certain portions of her written statement, and that portions of her in-court testimony varied from her out of court handwritten statement. In her ap-

peal, Johnson claims that those portions of Exhibit 8 in variance with Rochelle's in-court testimony should have been stricken before it was given to the jury.[4] Such is not the law in Indiana.

■ Hearsay is an extrajudicial statement repeated in court and offered to prove the truth of the matter asserted. Its value rests upon the credibility of the out of court asserter. *Patterson v. State* (1975), 263 Ind. 55, 57, 324 N.E.2d 482, 484 (DeBruler, J., dissenting) and *Baker v. Wagers* (1984), Ind.App., 472 N.E.2d 218, 220 (*trans. denied*). Generally, hearsay is not admitted into evidence because of the threat of unreliability or presumed inefficacy of any possible cross-examination.[5] *Baker, supra.* This basic rule is replete with exceptions when sufficient indicia of reliability and trustworthiness are present. The jurisprudence of the State of Indiana recognizes numerous exceptions to the hearsay rule, and one of them is that a prior statement of a witness is admissible not only for purposes of impeachment, but also as substantive evidence if the out-of-court declarant is present at trial for cross examination. *Franklin v. Duckworth* (1982), N.D.Ind., 530 F.Supp. 1315, 1318, *affm'd* 714 F.2d 148. This rule was first announced in *Patterson v. State, supra,* and it has become known as the Patterson rule.

■ In *Patterson,* the Indiana Supreme Court decided that when a witness neither denies or professes ignorance of their extrajudicial statements in court, there is no reason to reject those extrajudicial statements as substantive evidence simply because their statements had been made out of court, at a time when the witness was not subject to cross examination. In the

---

**2.** Rochelle Cromwell is Johnson's daughter. On the night of the killing, Rochelle was fifteen years old. By the time of trial she was sixteen.

**3.** Another witness, Thersa Colvin, was present at the shooting. She also testified that she saw Johnson kill Nunn.

**4.** Specifically, Johnson claims that her daughter's written statement, that Raymond Nunn was about to leave the apartment shortly before

he was killed, should have been stricken from State's Exhibit No. 8.

**5.** Other reasons include the danger of hearsay testimony becoming a substitute for court testimony, and the failure to confront an accuser. Campbell, *The Indiana Supreme Court Refines the Patterson Rule,* 28 Res Gestae 417 (February 1985).

instant case, one requirement of the Patterson rule is easily satisfied because the author of the extrajudicial statement was present and available for cross examination.[6] Another requirement of the Patterson rule, that the witness neither deny or profess ignorance of their extrajudicial statement, presents a closer question for this Court.

Johnson relied solely on *Carter v. State* (1980), Ind.App., 412 N.E.2d 825 for the proposition that since the declarant has denied or failed to recollect making portions of her out of court statement, those denied or not remembered portions are not admissible as substantive evidence. What we wrote in *Carter* was that there were certain foundational requirements to be satisfied before extrajudicial statements can be admitted as substantive evidence. The teaching in *Carter* was a procedural one, *viz.,* extrajudicial statements would not be substantively admissible if

"... (1) they were offered before their declarants testified and had an opportunity to acknowledge making the statements, or (2) they were offered before the declarants, while testifying, denied or failed to recollect making the statements."

*Carter, supra* at 830.

In the instant case, the *Carter* procedural requirements were met. Rochelle did acknowledge making her handwritten statement before State's Exhibit No. 8 was admitted into evidence, and she did deny portions of it prior to its admission.

In *dicta* contained in a footnote of the *Carter* opinion, this Court said:

"The *Patterson* rule prohibits the substantive admission of denied or unrecalled extrajudicial staements. However, we do not believe that the Supreme Court intended to impose a blanket exclusion on all extrajudicial statements not acknowledged by their alleged declarants. A blanket exclusion imposes a serious hardship on a party who can establish that the alleged declarant who denies

or fails to recollect making the statements is in fact fabricating his denial or feigning his loss of memory. *The hardship and injutice of a blanket exclusion become readily apparent when the declarant's extrajudicial statements are in writing or electronically recorded, and the writing or the tape (audio or video) can be properly authenticated.* One Indiana court has already reached the conclusion that written statements are admissible under the *Patterson* rule despite the declarant's non-affirmative responses to questions regarding the statements. *Lloyd v. State* (1975), 166 Ind.App. 248, 256, 335 N.E.2d 232, 237. However, we cannot extend the *Patterson* rule to oral extrajudicial statements attributed to a witness who the trial court believes to be fabricating his denial or feigning his loss of memory. Whether Indiana follows other jurisdictions which vest in the trial court the discretion to admit into evidence extrajudicial statements under such circumstances is a matter that must be left for resolution by our Supreme Court."

*Carter, supra* at 832, n. 4 (emphasis supplied). In the present case, Rochelle's handwritten statement was properly authenticated. The fact that the statement was written in the witness's own hand, at a time shortly after the events detailed in her statement occurred, is significant. It bolsters the trustworthiness of her extrajudicial statement providing a safeguard against the misuse of this evidence. Rather than accept Johnson's claim, our reading of *Carter* persuades us that Exhibit No. 8 was admitted without error.

The Indiana Supreme Court has provided additional support for our decision. In *Watkins v. State* (1983), Ind, 446 N.E.2d 949, that Court said:

"... when the witness (out-of-court declarant) denies having made the statement in question or denies having any memory of having done so, the statement is inadmissible as *substantive evidence,*

---

**6.** Although Rochelle was available for cross examination, Johnson declined to ask her any

questions, nor was she called as a defense witness.

because it obviously cannot be then cross-examined. However, although her testimony might be interpreted as such a denial, in part, or a claim of no recollection, in part, that conclusion is not compelled."

*Watkins, supra* at 960 (original emphasis). Thus, the trial judge did not err as a matter of law by admitting the extrajudicial statement that contained portions which were denied or not recollected at trial. Here there was conflicting testimony by Rochelle. She could recall writing the whole statement, but she could not recall writing a part of it. When such a conflict arises, it is to be determined by the trial judge whether or not the portion of the statement in question is admissible as substantive evidence. *Id.* This Court finds neither clear error nor manifest abuse of discretion in the trial judge's decision to admit all of Exhibit No. 8, so we decline to reverse on this issue.

## II.

### Sentencing

■ The plain meaning of Indiana Review of Procedure, Appellate Review of Sentences Rule 2 is to be followed in reviewing criminal sentences.[7] If a trial court's statement of reasons for departing from the presumptive sentence is sufficient, this Court will not disturb the sentence unless it is manifestly unreasonable. *Wilson v. State* (1984), Ind., 458 N.E.2d 654, 655.

Johnson was convicted of a Class C felony, and she was sentenced pursuant to IC 1985, 35–50–2–6 (Burns Code Ed.). That statute provides:

"A person who commits a class C felony shall be imprisoned for a fixed term of five (5) years, with not more than three (3) years added for aggravating circumstances or not more than three (3) years

subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,000)."

Johnson was given the presumptive penalty of five (5) years, the benefit of one (1) year for mitigation, and given credit for two hundred eighteen (218) days pre-trial confinement. The reason stated by the court for this sentence was that "... although this defendant has no prior record, any lesser sentence would tend to depreciate the seriousness of the crime." (R. 66).

We find this sentence and the reason therefore not manifestly unreasonable. The trial judge did indicate the mitigating factor he found germane to Johnson's sentencing. *Mullens v. State* (1983), Ind., 456 N.E.2d 411. The record of the sentencing hearing also provides us with clear indications of specific facts of the crime to justify the sentence imposed.

Johnson claims that her sentence was improperly influenced because the judge thought that the disparity in age between the defendant and the victim was significant; she further claims that the sentence imposed went beyond the jury's verdict of involuntary manslaughter because the judge mentioned the presence of intent; because of other factors brought out at the sentencing hearing, we are convinced that the sentence should not be changed.

■ A trial court may consider almost any factor when imposing sentence. *Tabor v. State* (1984), Ind, 461 N.E.2d 118, 126 and *Yates v. State* (1982), Ind.App., 429 N.E.2d 992, 993. Considerations of possible mitigating circumstances and the weight that they should carry is a highly discretionary area. Johnson's claim that the trial judge did not fully consider the mitigating circumstances in this case are not persuasive. Mitigating factors do not mandate an automatic reduction in sentence. *Cary v. State* (1984), Ind., 469

---

7. A.R.S. 2 provides:
   "(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

N.E.2d 459, 463 and *Johnson v. State* (1983), Ind., 447 N.E.2d 1072, 1076. From the record of Johnson's sentencing hearing, it is clear that the facts and circumstances relevant to the sentence imposed are included. *See Page v. State* (1981), Ind., 424 N.E.2d 1021. The trial court determined the penalty after considering the manner in which the crime was committed, the background of the particular event, and personal information regarding Johnson. Given this attention, we do not find that the sentence Johnson received was manifestly unreasonable, nor do we find any abuse of discretion by the trial court judge in determining it. *Priestly v. State* (1983), Ind. App., 451 N.E.2d 88, 90.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.