**Edward A. RUEL, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 45A03–8607–CR–219.**

Court of Appeals of Indiana,
Third District.

Dec. 10, 1986.

Michael W. Bosch, Joseph Banasiak, Bamber, Stodola & Bosch, Hammond, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

### Facts

On October 22, 1984, Hammond Police Officers Pavlina and Lawson took a written statement from J.N., a borderline mentally retarded youth, age 10, in which J.N. alleged in detail that his babysitter, Edward Ruel (Ruel) forced J.N. to submit to oral and anal sex. Based on this statement, Ruel was arrested and later charged with child molesting and criminal deviate conduct.

At trial, J.N., now age 11, testified that in September 1984, while babysitting J.N., Ruel forcibly pulled J.N.'s pants down and performed fellatio on him. In addition to this and other occasions on which Ruel performed fellatio on him, J.N. also testified that Ruel forcibly sodomized him. Of-

ficer Pavlina testified over Ruel's objection that J.N. told Pavlina during an interview at Lafayette School that Ruel sexually assaulted J.N.

Consequently, Ruel was convicted at the conclusion of a bench trial for child molesting, a Class C felony [1] and Criminal Deviate Conduct, a Class B felony.[2] Ruel now appeals.

### Issues

Two issues are presented for our consideration on appeal:

I. Whether Ruel's convictions are supported by sufficient evidence.[3]

II. Whether the state's failure to satisfy the foundational requirements of the *Patterson* rule constitutes reversible error.

1. IC 35–42–4–3(b) (West 1986) defines child molesting as:

"A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

IC 35–41–1–9 (West 1986) defines "deviate sexual conduct" as follows:

"'Deviate sexual conduct' means an act involving:

(1) a sex organ of one person and the mouth or anus of another person; or

(2) the penetration of the sex organ or anus of a person by an object."

2. IC 35–42–4–2 (West 1986) defines "criminal deviate conduct" as follows:

"A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when:

(1) the other person is compelled by force or imminent threat of force;

(2) the other person is unaware that the conduct is occurring; or

(3) the other person is so mentally disabled or deficient that consent to the conduct cannot be given;

commits criminal deviate conduct, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, if it is committed while armed with a deadly weapon, or if it results in serious bodily injury to any person other than a defendant."

### I. Sufficiency of the Evidence

▉ Ruel initially argues that sufficient evidence to support his convictions below is lacking in that J.N.'s testimony at trial is inherently unbelievable. Ruel asserts that J.N.'s statements prior to and during trial were inconsistent as to whether Ruel had sodomized him and the number of times J.N. was sexually assaulted by Ruel and others. While acknowledging the standard of appellate review of sufficiency of the evidence, Ruel urges, in primary reliance on *Meadows v. State* (1968),[4] that this court should deem J.N.'s testimony incredible and, thus, reverse his conviction.[5] We disagree.

▉ On appeal the standard of review of sufficiency of the evidence and witness

3. Ruel also argued that the state failed to prove that any sex act was committed against J.N. Ruel relies primarily on the findings of Dr. Gross, who examined J.N. Dr. Gross' findings, however, were at best inconclusive (*see* Record, p. 132–4). Ruel's claim is in effect an indirect sufficiency challenge. Hence, we will address it as such.

4. 252 Ind. 1, 238 N.E.2d 281. In *Meadows,* the sole witness-victim was a mental patient committed by court adjudication. The witness' testimony evidenced "coaching" as to the description of the crime alleged. Further, the witness testified alternately during trial that the accused did and did not commit the crime charged, and failed to report the alleged crime for three months after its occurrence. These factors lead the court in *Meadows* to reverse the defendant's conviction. The court stated:

"[I]t becomes the duty of an appellate court as a matter of law to decide whether the evidence was sufficient to induce a belief of the defendant's guilt beyond a reasonable doubt in the minds of jurors of average reason and intelligence; and in resolving that question *the court undoubtedly can pass on the credibility of the testimony to the extent of determining whether it was substantial in the sense above explained.*

238 N.E.2d at 282 (emphasis in original).

5. Ruel also alleges in his brief that the trial court failed to properly determine that J.N. was competent to testify (Appellant's Brief, pp. 12–13). This allegation, however, was not raised in Ruel's motion to correct errors and thus is waived. *Lambert v. Yellowbird, Inc.* (1986), Ind., 496 N.E.2d 406, 410.

credibility challenges has long been that we will neither reweigh the evidence nor redetermine the credibility of witnesses, but rather, will look to the evidence most favorable to the state together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the conviction must stand. *Coleman v. State* (1986), Ind., 490 N.E.2d 711, 713; *Mullins v. State* (1985), Ind.App., 486 N.E.2d 623, 626. The conviction may stand solely on the uncorroborated testimony of a minor witness, *Pearson v. State* (1985), Ind., 486 N.E.2d 540, 541; *Finchum v. State* (1984), Ind.App., 463 N.E.2d 304, 307. However, where the conviction is based solely on the testimony of an inherently unbelievable witness, or where such testimony is replete with "incredible dubiosity," we will not let the conviction stand. *Hill v. State* (1986), Ind., 497 N.E.2d 1061.

■ Those cases in which our courts have deemed the sole witness' testimony incredibly dubious or unbelievable involved testimony prompted by coercion and threats, was utterly unbelievable, or evidenced "coaching."[6] *Lessig v. State* (1986), Ind.App., 489 N.E.2d 978. J.N.'s testimony in the instant case is free of such problems. Hence, Ruel's sufficiency challenge must stand our scrutiny pursuant to our general standard of review in sufficiency cases as stated, *supra*.

■ Our careful examination of J.N.'s testimony reveals that despite initial inconsistencies J.N.'s testimony sufficiently supports Ruel's convictions. J.N. provided at trial a graphic account of the two occasions upon which Ruel forcibly performed fellatio on him, and one occasion in which Ruel sodomized J.N. (*see* Record, pp. 257–60, 270–76, 278–9). We believe that viewing this evidence, as we must, in the light most favorable to the state, J.N.'s testimony was believable and sufficient to support Ruel's convictions.

## II. Patterson Rule

The trial court allowed Detective Pavlina to testify, over Ruel's hearsay objection, concerning J.N.'s statement to Pavlina during an interview at Lafayette School charging Ruel with sexually assaulting J.N. Ruel argues that since J.N. did not acknowledge or deny at trial making this statement, the requirements of the *Patterson* rule were not fulfilled. Hence, Ruel urges, it was a misapplication of the *Patterson* rule for the court to allow Pavlina to testify about J.N.'s hearsay statement.

■ Generally hearsay is not admitted into evidence due to the danger of unreliability or presumed inefficacy of potential cross examination as well as the danger of hearsay testimony becoming a substitute for trial testimony. *Johnson v. State* (1985), Ind.App., 480 N.E.2d 600, 602. The hearsay exclusionary rule is replete with exceptions when sufficient indicia of reliability and trustworthiness exist. *Id.*

■ Our Supreme Court in *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, held that a prior statement of a witness is admissible not only for purposes of impeachment but also as substantive evidence if the out-of-court declarant is available for cross examination at trial. *See also Franklin v. Duckworth* (N.D.Ind.1982), 530 F.Supp. 1315, 1318, *aff'd.* 714 F.2d 148. Both inconsistent and consistent extrajudicial statements are admissible under the *Patterson* rule. *Carter v. State* (1977), 266 Ind. 196, 198, 361 N.E.2d 1208, 1209, *cert. denied* 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142. We recognized in *Carter v. State* (1980), Ind.App., 412 N.E.2d 825 that the *Patterson* rule necessarily contemplates two foundational requirements, namely, that the declarant be confronted with, acknowledge or disavow the prior statement, and that the declarant be cross examined regarding the statement. The evil sought to be evaded by the imposition

6. *See Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658; *Meadows v. State* (1968), 252 Ind. 1, 238 N.E.2d 281; and *Penn v. State* (1957), 237 Ind. 374, 146 N.E.2d 240.

of these foundational requirements is the use of extrajudicial statements as the sole substantive evidence of the witness' version of the facts at trial. *See Lewis v. State* (1982), Ind., 440 N.E.2d 1125, 1130. This evil, however, does not confront us in the instant case.

■ While J.N. was not confronted at trial with his verbal statement to Pavlina at Lafayette School, J.N. was questioned and cross examined extensively regarding the actual sexual assaults about which J.N. spoke with Pavlina. Furthermore the state did not use Pavlina's hearsay testimony as a substitute for J.N.'s testimony at trial. Consequently the "evil" underlying the foundational mandates of *Patterson* was not present in this case. In light of the absence of such, we believe the court's deviation from the *Patterson* foundational requirement was harmless.[7]

■ Moreover, Pavlina's testimony concerning J.N.'s statement to him was offered after J.N. testified and his credibility had been challenged on the basis of inconsistent statements during cross examination. Under such circumstances the witness' prior consistent statement was admissible for rehabilitation purposes. *Flowers v. State* (1985), Ind., 481 N.E.2d 100, 104; *see also Ralston v. State* (1980), Ind.App., 412 N.E.2d 239. Since no request was made to limit consideration of the statement, it was properly received.

We find that sufficient evidence supported Ruel's convictions and that the admission of Pavlina's hearsay testimony was not reversible error. Hence we affirm the trial court on all accounts.

Affirmed.

STATON, P.J. and HOFFMAN, J., concur.

---

7. As the Court of Appeals noted in *Carter, supra,* the Supreme Court has allowed some deviation from the foundational requirements of *Patterson.* *See Brown v. State* (1979), 271 Ind. 129, 390 N.E.2d 1000; *Flewallen v. State* (1977), 267 Ind. 90, 368 N.E.2d 239. By holding in the present case that the court's deviation is harmless, we do not, indirectly or directly, relax or change the foundational requirements of the *Patterson* rule.