**Gerald HARRIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8809–CR–796.**

Supreme Court of Indiana.

Oct. 11, 1990.

Barbara L. Cook Crawford, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., William E. Dailey, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Criminal Deviate Conduct, a Class A felony, for which he received a sentence of forty (40) years and Criminal Confinement, a Class D felony, for which he received a sentence of four (4) years, the sentences to run concurrently.

The facts are: On July 25, 1987, the victim was walking home after cutting a neighbor's grass. She was pushing her lawn mower and carrying a can of gasoline. As she exited an alleyway, she was grabbed from behind and dragged a distance, later determined to be approximately 160 feet, to a position behind a building.

While she was being dragged, the victim was struck repeatedly in the face by her assailant. She continued to hold on to the gasoline can until her assailant stopped dragging her. At that time, the assailant took the gasoline can from her and sat it beside the building. The assailant then removed the victim's clothing and his own clothing and forced her to commit fellatio. He told her that if she did not do as he directed he would pour gasoline on her and ignite it. She testified that this frightened her. After forcing her to commit fellatio, appellant then announced his intention to rape her.

However, the victim told appellant that she had lost $150 and needed help in finding it. Appellant immediately released her and began assisting her in looking for the money. While they were thus engaged, the victim entered a drugstore and informed employees that she had been "raped." After receiving a description of the assailant, police went to a newspaper substation where they arrested appellant.

The victim identified appellant as her assailant.

The victim was taken to the hospital where both oral and vaginal swabs were taken. The vaginal swabs were negative, the oral swab was slightly positive; the technician, however, testified that it was not sufficiently positive for her to testify that spermatozoa was present in the victim's mouth.

■ Appellant claims there is insufficient evidence to find him guilty of criminal deviate conduct. In making this claim, appellant readily concedes that this Court will not reweigh the evidence. However, he claims that the evidence in this case is so weak that we should follow the admonition of *Meadows v. State* (1968), 252 Ind. 1, 238 N.E.2d 281, wherein this Court found uncorroborated testimony of a victim did not rise to evidence of "substantial and probative" value. In so doing the Court cautioned against receiving uncorroborated evidence unless it was clear and convincing.

Appellant takes the position that the testimony of the victim should be doubted because she testified she was dragged a distance, which later was calculated to be 160 feet, yet there were no scrape marks on her body although she was wearing shorts and a halter top. However, upon examination of the testimony, nowhere did the victim state that she was dragged with any part of her body touching the ground. Her testimony was that it was her toes that were touching the ground. She testified that her assailant had attacked her from the rear, placed one hand over her mouth, and started dragging her and striking her with his other hand. There is nothing in this evidence which would indicate that the absence of scrape marks on the victim's body would in any way contradict her testimony.

Appellant also contends that because the victim testified that her clothing was stripped from her and that she was forced to lie on the bare pavement, she should have had marks on her back. However, there is nothing in this testimony to indicate that she was moved while lying on her back or is there any testimony that there was any rough or sharp object on the pavement on which she was forced to lie. Again, we see nothing in this record to cause the jury to doubt the victim's claim that she was forced while naked to lie on bare pavement.

The evidence in this record clearly supports the victim's allegation that she was struck in the face. Examining physicians and the victim's mother each testified that the victim's face was bruised and that there was a bruise on her breast. We find that the uncorroborated testimony of the victim in this case was sufficient to support the verdict of the jury. *See Brown v. State* (1988), Ind., 525 N.E.2d 294.

■ Appellant also contends that a lack of evidence of the presence of spermatozoa in either the victim's vagina or her mouth is reason to doubt her testimony. There was no evidence in this record as to whether appellant ejaculated and evidence of such is not necessary in that penetration alone of the violated area is sufficient. Proof of emission is not necessary. *See Johnson v. State* (1986), Ind., 489 N.E.2d 65; *Ives v. State* (1981), 275 Ind. 535, 418 N.E.2d 220. The inconclusiveness of spermatozoa in the mouth of the victim neither contradicts her testimony nor does it demonstrate the absence of a necessary element in the conviction of deviate conduct.

■ Appellant claims there is insufficient evidence to prove that he was guilty of criminal deviate conduct, a Class A felony, rather than a Class B felony. In order to raise the crime to a Class A felony, it must be shown that the threat of the use of deadly force was made. Appellant contends that there was no testimony that the gasoline can actually contained gasoline nor was there any testimony that he had any present ability to ignite the gasoline.

The victim testified that she was carrying a can of gasoline, that she continued to hold the can while she was being dragged, and that when appellant stopped dragging her he took the gasoline can from her and sat it beside a building. She also testified that when he threatened to pour the gasoline on her and ignite it, she was fright-

ened. From this evidence, it was logical for the jury to conclude that the can actually contained gasoline. It is obvious that because the gasoline can belonged to the victim she would know whether it contained gasoline. Had the victim known it to be empty, it was logical for the jury to conclude that his threat to the victim would have appeared to have been an empty threat and would not have frightened her.

The jury also was entitled to presume that because appellant handled the gasoline can and then made the threat to pour its contents on the victim, that he knew from handling the gasoline can that it in fact did contain a fluid. It is true that the victim testified she did not see a match or a cigarette lighter in appellant's hand during the time he was making this threat.

This Court has stated repeatedly that the statute does not require the victim to jeopardize her life to determine whether her assailant is actually armed when the assailant informs the victim that he is armed and that he will inflict injury upon her if she does not cooperate.

As Chief Justice Shepard stated in *Coleman v. State* (1986), Ind., 490 N.E.2d 325, 327: "A weapon need not be displayed in order to establish the threat of deadly force." Under the facts in this case, the jury was entitled to deduce that there was gasoline in the can and that appellant's threat to pour it on the victim and ignite it was sufficient to establish that the crime was committed by threatening the use of deadly force as provided in Ind.Code § 35–42–4–2.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.